UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENDSETTAH USA, INC. and TREND SETTAH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SWISHER INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 8:14-CV-01664-JDS (DFMx)<br><br>**DECLARATION OF RYAN ROMAN** |

I, Ryan Roman, hereby declare that:

1. I am a partner with the law firm of Akerman, LLP, which represents defendant Swisher International, Inc. ("Swisher") in this matter. This declaration is true and correct; the facts contained herein are within my personal knowledge, and, if sworn as a witness, I can competently testify thereto.

2. I submit this declaration in support of Swisher's Motion for Partial Summary Judgment.

### Private Label Agreements

3. A true and correct copy of the January 20, 2011 Private Label Agreement between Trend Settah, Inc. and Swisher, filed at ECF No. 25-1 ("First PLA") is attached hereto as **Exhibit 1**.

4. A true and correct copy of the January 19, 2012 Letter from Christopher Casey to Tatum Hilmoe regarding the "Amendment to Private Label Agreement," filed at ECF 28-1 ("Amendment to First PLA") is attached hereto as **Exhibit 2**.

5. A true and correct copy of the February 1, 2013 Private Label Agreement between Trend Settah, Inc. and Swisher, filed at ECF 25-2 ("Second PLA") is attached hereto as **Exhibit 3**.

6. Attached hereto as **Exhibit 4** is a true and correct copy of a December 5, 2011 e-mail from Christopher Casey to Tatum Hilmoe, produced by Plaintiffs during discovery in this case with bates label TSI009863-64.

### Documents Produced During Discovery

7. Attached hereto as **Exhibit 5** is a true and correct copy of an October 6, 2012 e-mail from Tatum Hilmoe to Chris Casey, produced by Defendant during discovery in this case with bates label SWISHER0068956-57.

8. Attached hereto as **Exhibit 6** is a true and correct copy of a September 27, 2013, letter from Christopher Casey to Tatum Hilmoe, produced by Defendant during discovery in this case with bates label SWISHER0006923-24.

9. Attached hereto as **Exhibit 7** is a true and correct copy of an August 23, 2012 e-mail from Jane Green to Bill Schoep, produced by Defendant during discovery in this case with bates label SWISHER0069637-38.

10. Attached hereto as **Exhibit 8** is a true and correct copy of a July 26, 2012 e-mail from Ramzy Rahib to Akrum Alrahib, produced by Plaintiffs during discovery in this case with bates label TSI007704.

11. Attached hereto as **Exhibit 9** is a true and correct copy of an August 15, 2012 e-mail chain between Ramzy Rahib and Bill Schoep, produced by Plaintiffs during discovery in this case with bates label TSI007781-83.

12. Attached hereto as **Exhibit 10** is a true and correct copy of an August 15, 2012 e-mail from Bill Schoep to Akrum Alrahib and Ramzy Rahib, produced by Plaintiffs during discovery in this case with bates label TSI007784-86.

13. Attached hereto as **Exhibit 11** is a true and correct copy of a June 18, 2013 e-mail chain between Ramzy Rahib and John Miller produced by Plaintiffs during discovery in this case with bates label TSI001596-1598.

14. Attached hereto as **Exhibit 12** is a true and correct copy of a January 15, 2013 e-mail from Jane Green to Edward Barlow, produced by Defendant during discovery in this case with bates label SWISHER0003433.

15. Attached hereto as **Exhibit 13** is a true and correct copy of a January 30, 2014 e-mail from Jane Green to Bill Dunn, produced by Defendant during discovery in this case with bates label SWISHER0003334-37.

16. Attached hereto as **Exhibit 14** is a true and correct copy of a January 6, 2013 e-mail from Akrum Alrahib to John Miller, produced by Plaintiffs during discovery in this case with bates label TSI000799-800.

17. Attached hereto as **Exhibit 15** is a true and correct copy of a November 19, 2010 letter sent by Akrum Alrahib to Bill Schoep, produced by Defendant during discovery in this case with bates label SWISHER0002675-76.

18. Attached hereto as **Exhibit 16** is a true and correct copy of a June 23, 2011 e-mail from Akrum Alrahib to Bill Schoep, produced by Defendant during discovery in this case with bates label SWISHER0001192-97.

19. Attached hereto as **Exhibit 17** is a true and correct copy of a September 4, 2012 e-mail from Akrum Alrahib to Paul Arvia, produced by Defendant during discovery in this case with bates label SWISHER002954-55.

20. Attached hereto as **Exhibit 18** is a true and correct copy of a November 30, 2012 e-mail from Akrum Alrahib to Jane Green, produced by Plaintiffs during discovery in this case with bates label TSI008326.

21. Attached hereto as **Exhibit 19** is a true and correct copy of a June 7, 2012 e-mail from Akrum Alrahib to Paul Arvia and Bill Schoep, produced by Defendant during discovery in this case with bates label SWISHER0001374.

22. Attached hereto as **Exhibit 20** is a true and correct copy of an October 4, 2012 e-mail from Akrum Alrahib to Paul Arvia, produced by Plaintiffs during discovery in this case with bates label TSI010215.

1  23. Attached hereto as **Exhibit 21** is a true and correct copy of a business record titled "OTP Competition vs. TSI," produced by Plaintiffs during discovery in this case with bates label TSI096812-14.

2  24. Attached hereto as **Exhibit 22** is a true and correct copy of a business record titled "Git N Go Planogram," produced by Defendant during discovery in this case with bates label SWISHER0002539-41.

3  25. Attached hereto as **Exhibit 23** is a true and correct copy of a business record titled "K&G Stores – 2 ft. Set," produced by Defendant during discovery in this case with bates label SWISHER0002470-71.

4  26. Attached hereto as **Exhibit 24** is a true and correct copy of a business record titled "Schnucks 49" Kiosk POG," produced by Defendant during discovery in this case with bates label SWISHER0001864-66.

5  27. Attached hereto as **Exhibit 25** is a true and correct copy of a business record titled "J&H Oil 24" Altadis Floor Display," produced by Defendant during discovery in this case with bates label SWISHER0001349-51.

6  28. Attached hereto as **Exhibit 26** is a true and correct copy of a business record titled "BETA 4ft 6 shelves OTP Q2 2014," produced by Defendant during discovery in this case with bates label SWISHER0003946-49.

7  29. Attached hereto as **Exhibit 27** is a true and correct copy of a business record titled "West COast POG Main Line Items," produced by Defendant during discovery in this case with bates label SWISHER0004532-34.

8  30. Attached hereto as **Exhibit 28** is a true and correct copy of a business record titled "G&M 2014 Extra Mile Planogram," produced by Defendant during discovery in this case with bates label SWISHER0006790-93.

9  31. Attached hereto as **Exhibit 29** is a true and correct copy of a business record titled "G&M 2014 Extra Mile Planogram," produced by Defendant during discovery in this case with bates label SWISHER0006795-98.

1   32.   Attached hereto as **Exhibit 30** is a true and correct copy of a business record titled "Circle K West – 8 x 94 – New 8' Set," produced by Defendant during discovery in this case with bates label SWISHER0006757-62.

33.   Attached hereto as **Exhibit 31** is a true and correct copy of a business record titled "Circle K West – 9 x 94 – New 9' Set," produced by Defendant during discovery in this case with bates label SWISHER0006763-68.

34.   Attached hereto as **Exhibit 32** is a true and correct copy of a business record titled "Circle K West – 10 x 94 – New 10' Set," produced by Defendant during discovery in this case with bates label SWISHER0006769-74.

35.   Attached hereto as **Exhibit 33** is a true and correct copy of a business record titled "Circle K West – 11 x 94 – New 11' Set," produced by Defendant during discovery in this case with bates label SWISHER0006775-81.

36.   Attached hereto as **Exhibit 34** is a true and correct copy of a business record titled "Circle K West – 12 x 94 – New 12' Set," produced by Defendant during discovery in this case with bates label SWISHER0006782-88.

37.   Attached hereto as **Exhibit 35** is a true and correct copy of a March 9, 2015 e-mail chain between Akrum Alrahib and Bill Schoep, produced by Plaintiffs during discovery in this case with bates label TSI096630-31.

38.   Attached hereto as **Exhibit 36** is a true and correct copy of a January 15, 2013 e-mail from Akrum Alrahib, produced by Plaintiffs during discovery in this case with bates label TSI000842.

39.   Attached hereto as **Exhibit 37** is a true and correct copy of an August 24, 2012 e-mail exchange between Akrum Alrahib and Jane Green, produced by Plaintiffs during discovery in this case with bates label TSI010118-19.

40.   Attached hereto as **Exhibit 38** is a true and correct copy of a November 20, 2014 e-mail from Bill Schoep to Akrum Alrahib, produced by Plaintiffs during discovery in this case with bates label TSI103377-78.

41. Attached hereto as **Exhibit 39** is a true and correct copy of a February 11, 2012 e-mail from Tatum Hilmoe to Chris Casey, produced by Plaintiffs during discovery in this case with bates label TSI0000968-69.

### Discovery Propounded and Responses

42. Swisher served a First Set of Interrogatories to Plaintiffs on July 24, 2015, a true and correct copy of which is attached hereto as **Exhibit 40**.

43. On August 28, 2015, Plaintiffs served their Responses to Defendant's First Set of Interrogatories, a true and correct copy of which is attached hereto as **Exhibit 41**.

44. Swisher served a First Request for Production of Documents to Plaintiffs on July 24, 2015, a true and correct copy of which is attached hereto as **Exhibit 42**.

45. On August 28, 2015, Plaintiffs served their Responses to Defendant's First Request for Production of Documents, a true and correct copy of which is attached hereto as **Exhibit 43**.

### Deposition Transcripts

46. On December 1, 2015, Swisher took the deposition of Ramzy Rahib ("R. Rahib Depo."). A true and correct copy of excerpts from the deposition transcript of Ramzy Rahib is attached hereto as **Exhibit 44**.

47. On December 1, 2015, Swisher took the deposition of Tatum S. Hilmoe ("Hilmoe Depo."). A true and correct copy of excerpts from the deposition transcript of Tatum S. Hilmoe is attached hereto as **Exhibit 45**.

48. On December 1, 2015, Swisher took the deposition of Salah Hanna Kureh ("Kureh Depo."). A true and correct copy of excerpts from the deposition transcript of Salah Hanna Kureh is attached hereto as **Exhibit 46**. Exhibit 46 is intentionally omitted.

49. On December 1, 2015, Swisher took the deposition of Mousa Rahib ("M. Rahib Depo."). A true and correct copy of excerpts from the deposition transcript of Mousa Rahib is attached hereto as **Exhibit 47**.

50. On December 2, 2015, Swisher took the deposition of Akrum Alrahib individually and as a Rule 30(b)(6) corporate representative of Plaintiffs ("Alrahib

Depo."). A true and correct copy of excerpts from the deposition transcript of Akrum Alrahib is attached hereto as **Exhibit 48**.

51. On December 3, 2015, Swisher took the deposition of William Patrick Schoep ("Schoep Depo."). A true and correct copy of excerpts from the deposition transcript of William Patrick Schoep is attached hereto as **Exhibit 49**.

52. On December 7, 2015, Plaintiffs took the deposition of John Miller individually and as a Rule 30(b)(6) corporate representative of Swisher for certain designated topics ("Miller Depo."). A true and correct copy of excerpts from the deposition transcript of John Miller is attached hereto as **Exhibit 50**.

53. On December 8, 2015, Plaintiffs took the deposition of Jane Green individually and as a Rule 30(b)(6) corporate representative of Swisher for certain designated topics ("Green Depo."). A true and correct copy of excerpts from the deposition transcript of Jane Green is attached hereto as **Exhibit 51**.

54. **Exhibit 52** is intentionally omitted.

55. On December 9, 2015, Plaintiffs took the deposition of Paul Arvia ("Arvia Depo."). A true and correct copy of excerpts from the deposition transcript of Paul Arvia is attached hereto as **Exhibit 53**.

56. **Exhibit 54** is intentionally omitted.

57. On December 17, 2015, Swisher took the deposition of DeForest McDuff, Ph.D. as a disclosed expert of Plaintiffs ("McDuff Depo."). A true and correct copy of excerpts from the deposition transcript of DeForest McDuff, Ph.D. is attached hereto as **Exhibit 55**.

## Expert Reports

58. On December 4, 2015, Plaintiffs served the Report of DeForest McDuff dated December 4, 2015, a true and correct copy of excerpts of which is attached hereto as **Exhibit 56**.

59. On December 15, 2015, Plaintiffs served the Supplemental Report of DeForest McDuff, Ph.D. dated December 15, 2015, a true and correct copy of excerpts of which is attached hereto as **Exhibit 57**.

60. On December 11, 2015, Swisher served the Expert Report of Alan J. Cox, Ph.D. dated December 11, 2015, a true and correct copy of excerpts of which is attached hereto as **Exhibit 58.**

### Declarations

61. On December 16, 2015, TSI provided Swisher with a copy of the Declaration of Sandeep Mehat, dated December 16, 2015 ("Mehat Decl."). A true and correct copy of the Mehat Decl. is attached hereto as **Exhibit 59**.

62. Attached hereto as **Exhibit 60** is a true and correct copy of the Declaration of Jane Green, dated December 21, 2015 ("Green Decl.").

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 21st day of December, 2015.

RYAN ROMAN

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

On December 21, 2015, I served the following document(s) described as:

**DECLARATION OF RYAN ROMAN**

on the persons below as follows:

> Mark Poe, Esq.
> Randolph Gaw, Esq.
> Victor Meng, Esq.
> **GAW POE LLP**
> 4 Embarcadero Center, Suite 1400
> San Francisco, California 94111
> Telephone: (415) 766-7451
> Facsimile: (415) 737-0642
> Email: mpoe@gawpoe.com
> Email: rgaw@gawpoe.com
> Email: vmeng@gawpoe.com
>
> Attorneys for Plaintiffs,
> *TRENDSETTAH USA INC. and TREND SETTAH, INC.*

☒ **(CM/ECF Electronic Filing):** I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 21, 2015, at Los Angeles, California.

|  Joshua R. Mandell  |  */s/ Joshua R. Mandell*  |
|---|---|
| (Type or print name) | (Signature) |