THEODORE J. BOUTROUS JR.,
  SBN 132099
    tboutrous@gibsondunn.com
DANIEL G. SWANSON,
  SBN 116556
    dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN
(admitted *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8234
Facsimile: 202.530.9691

MICHAEL C. MARSH
(admitted *pro hac vice*)
  michael.marsh@akerman.com
RYAN ROMAN
(admitted *pro hac vice*)
  ryan.roman@akerman.com
AKERMAN LLP
One Southeast Third Avenue, 25th Floor
Miami, FL 33131
Telephone: 305.374.5600
Facsimile: 305.374.5095

Attorneys for Swisher International, Inc.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENDSETTAH USA, INC. and TRENDSETTAH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SWISHER INTERNATIONAL, INC., <br><br> Defendant. | CASE NO. 8:14-cv-01664-JVS-DFM <br><br> **JUDGMENT** |

1  On April 3, 2016, Defendant Swisher International, Inc. ("Defendant") moved for judgment on the pleadings on Plaintiffs Trendsettah USA, Inc. and Trend Settah, Inc.'s ("Plaintiffs") claims for negligent interference with prospective economic relations and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., among other claims. Dkt. Nos. 33, 35.

On May 19, 2015, the Court granted in part and denied in part Defendant's motion for judgment on the pleadings and dismissed Plaintiffs' claims for negligent interference with prospective economic relations and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. Dkt. No. 40.

On December 21, 2015, Defendant moved for summary judgment on Plaintiffs' claims for violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; violation of the Florida Antitrust Law, Fla. Stat. § 542.19; trade libel; tortious interference with contract; and intentional interference with prospective economic relations. Dkt. Nos. 67, 93.

On January 21, 2016, this Court granted in part and denied in part Defendant's motion for summary judgment. The Court granted summary judgment on Plaintiffs' claims for trade libel, tortious interference with contract, and intentional interference with prospective economic relations. The Court denied summary judgment on Plaintiffs' claims for violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, and violation of the Florida Antitrust Law, Fla. Stat. § 542.19. Dkt. No. 99.

On February 1, 2016, Plaintiffs abandoned their claim for violation of the Florida Antitrust Law, Fla. Stat. § 542.19, in their Memorandum of Contentions of Fact and Law pursuant to Civil Local Rule 16-4.6. Dkt. No. 133, at 13.

On February 24, 2016, this Court entered the Final Pretrial Conference Order pursuant to Fed. R. Civ. P. 16. Dkt. No. 162. The Final Pretrial Conference Order did not include Plaintiffs' claim for violation of the Florida Antitrust Law, Fla. Stat. § 542.19, and stated that it "shall supersede the pleadings." Dkt. No. 162, at 32-33.

This action came on for trial on March 15, 2016, in Courtroom 10C of the above-entitled Court, the Honorable James V. Selna, United States District Judge, presiding. A jury of seven persons was impaneled and sworn to try the action. After an eight-day trial and after deliberations, on March 30, 2016, the jury returned a Special Verdict in favor of Plaintiffs and against Defendant on each of the four causes of action tried: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of Section 2 of the Sherman Act by creating or maintaining a monopoly through anti-competitive practices; and (4) violation of Section 2 of the Sherman Act by attempting to create or maintain a monopoly through anti-competitive practices. On Plaintiffs' claims for breach of contract and breach of the covenant of good faith and fair dealing, the jury awarded $9,062,679.00. On Plaintiffs' claims for monopoly and attempted monopoly under Section 2 of the Sherman Act, the jury awarded $14,815,494.00. Dkt. No. 206.

Swisher moved for judgment as a matter of law or, in the alternative, for a new trial, on May 12, 2016. Dkt. No. 233. On August 17, 2016, the Court granted judgment in favor of Defendant, and in the alternative, a new trial, on Plaintiffs' cause of action for violation of Section 2 of the Sherman Act by creating or maintaining a monopoly through anti-competitive practices. The Court granted a new trial on Plaintiffs' cause of action for violation of Section 2 of the Sherman Act by attempting to create or maintain a monopoly through anti-competitive practices. Dkt. No. 262.

On October 10, 2016, Defendant filed a motion for reconsideration of the Court's August 17, 2016 order denying in part Defendant's motion for judgment as a matter of law on Plaintiffs' Section 2 claims, and for reconsideration of the Court's January 21, 2016 order denying summary judgment on Plaintiffs' Section 2 and Florida antitrust claims. Dkt. No. 268. On November 9, 2016, the Court granted Defendant's motion for reconsideration of the Court's January 21, 2016 order denying summary judgment on Plaintiffs' antitrust claims. The Court granted summary

judgment in favor of Defendant on Plaintiffs' antitrust claims for the reasons set forth in its order of November 9, 2016. Dkt. No. 274.

The Court NOW ENTERS JUDGMENT AS FOLLOWS:

1. Judgment is entered in favor of Plaintiffs and against Defendant on Plaintiffs' claims for breach of contract and breach of the covenant of good faith and fair dealing in the amount of $9,062,679.00 plus prejudgment interest if and to the extent ordered by the Court.

2. Plaintiffs shall recover post-judgment interest on the judgment on their claims for breach of contract and breach of the covenant of good faith and fair dealing in accordance with 28 U.S.C. § 1961.

3. Judgment is entered in favor of Defendant and against Plaintiffs on all of Plaintiffs' other claims, including Plaintiffs' claims for violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; violation of the Florida Antitrust Law, Fla. Stat. § 542.19; trade libel; tortious interference with contract; intentional interference with prospective economic relations; negligent interference with prospective economic relations; and violation of the California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200.

4. Costs and reasonable attorney fees shall be recovered to the extent ordered by the Court.

**IT IS SO ORDERED.**

Dated: December 14, 2016

Hon. James V. Selna
United States District Court Judge