THEODORE J. BOUTROUS JR.
  SBN 132099
    tboutrous@gibsondunn.com
DANIEL G. SWANSON
  SBN 116556
    dswanson@gibsondunn.com
MINAE YU
  SBN 268814
    myu@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN
(admitted *pro hac vice*)
    crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8234
Facsimile: 202.530.9691

JULIAN W. KLEINBRODT
  SBN 302085
    jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission St., Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

JOSHUA R. MANDELL,
  SBN 225269
    joshua.mandell@akerman.com
AKERMAN LLP
725 South Figueroa Street, 38th Floor
Los Angeles, CA 90017-5438
Telephone: 213.688.9500
Facsimile: 213.627.6342

MICHAEL C. MARSH
(admitted *pro hac vice*)
    michael.marsh@akerman.com
RYAN ROMAN
(admitted *pro hac vice*)
    ryan.roman@akerman.com
AKERMAN LLP
One Southeast Third Avenue, 25th Floor
Miami, FL 33131
Telephone: 305.374.5600
Facsimile: 305.374.5095

Attorneys for Swisher International, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENDSETTAH USA, INC. and TRENDSETTAH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SWISHER INTERNATIONAL, INC., <br><br> Defendant. | CASE NO. 8:14-cv-01664-JVS-DFM <br><br> **DEFENDANT SWISHER INTERNATIONAL INC.'S OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY ADJUDICATION OF OBLIGATION AND EXECUTION ON SUPERSEDEAS BOND [364]** <br><br> **Hearing**: <br> Date: August 5, 2019 <br> Time: 1:30 p.m. <br> Place: Courtroom 10C, Santa Ana <br> Judge: Honorable James V. Selna |

# TABLE OF CONTENTS

Page

I. Background ........................................................................................................ 1

II. Argument ........................................................................................................... 2

    A. A New Judgment Must Be Entered Prior To Collection ........................... 2

    B. The Parties' Stipulation and Court's Order Precludes Release of the Bond ........................................................................................................ 4

    C. The Court Has Authority To Deny TSI's Motion Without Prejudice ....... 5

III. Conclusion ......................................................................................................... 7

**Cases**

*Aerotec International, Inc. v. Honeywell International, Inc.*,
    836 F.3d 1171 (9th Cir. 2016). ....................................................................... 1

*All-Ways Logistics, Inc. v. USA Truck, Inc.*,
    No. 3:06CV00087 SWW, 2007 WL 9728710 (E.D. Ark. Aug. 22,
    2007) ............................................................................................................. 6

*Apple Inc. v. Samsung Electronics, Co.*,
    No. 11-cv-01846-LHK, 2015 WL 8477855 (N.D. Cal. Dec. 9, 2015) ...................... 3

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,
    321 F.3d 878 (9th Cir. 2003) ......................................................................... 6

*Hendricks v. Bank of Amer-ica, N.A.*,
    408 F.3d 1127 (9th Cir. 2005) ....................................................................... 6

*Junker v. Eddings*,
    No. 3:02-cv-00172, Dkt. 134 (N.D. Tex. April 29, 2005) ......................................... 5

*Moore v. Warwick Pub. Sch. Dist. No. 29*,
    794 F.2d 322 (8th Cir. 1986) ......................................................................... 2

*Nguyen v. United States*,
    792 F.2d 1500 (9th Cir. 1986) ....................................................................... 6

*Paeste v. Gov't of Guam*,
    No. 1:11-CV-00008, 2016 WL 9450614 (D. Guam Apr. 8, 2016) ........................... 3

*Revlon, Inc. v. Carson Prods. Co.*,
    647 F. Supp. 905 (S.D.N.Y. 1986) ................................................................. 3

*Sletten v. Navellier Series Fund*,
    No. 03:00CV0167LRH(VPC), 2006 WL 2335566 (D. Nev. Aug. 10,
    2006) ............................................................................................................. 3

*Stevens v. F/V Bonnie Doon*,
    731 F.2d 1433 (9th Cir. 1984) ....................................................................... 6

*Tennessee Valley Auth. v. Atlas Mach. & Iron Works, Inc.*,
    803 F.2d 794 (4th Cir. 1986) ......................................................................... 4

*Trendsettah USA, Inc. v. Swisher Int'l, Inc.*,
    761 F. App'x 714 (9th Cir. 2019) ........................................................... 1, 2, 4, 6

Gibson, Dunn & Crutcher LLP

*Turner v. Japan Lines, Ltd.*,
  562 F. Supp. 348 (D. Or. 1983) ................................................................................ 4

*Turner v. Japan Lines, Ltd.*,
  702 F.2d 752 (9th Cir. 1983) .................................................................................... 3

*United States v. Lacey*,
  982 F.2d 410 (10th Cir. 1992) .................................................................................. 4

*United States v. Melot*,
  No. CV 09-0752 JH/WPL, 2012 WL 2914224 (D.N.M. 2012) ................................ 7

*WesternGeco LLC v. ION Geophysical Corp.*,
  No. 4:09-CV-1827, 2016 WL 2344347 (S.D. Tex. May 4, 2016) ........................ 4, 5

**Statutes**

28 U.S.C. § 2101 ............................................................................................................ 4, 5

**Rules**

Fed. R. Civ. P. 58 ....................................................................................................... 2, 5, 6

Fed. R. Civ. P. 60 .......................................................................................................... 2, 6

Fed. R. Civ. P. 62 ............................................................................................................... 6

Fed. R. Civ. P. 65.1 ............................................................................................................ 3

Gibson, Dunn &
Crutcher LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

After a trial in March 2016, Swisher posted a bond and moved for judgment as a matter of law. Dkt. Nos. 223 & 233. The Court granted Swisher's motion on TSI's actual monopolization claim, Dkt. No. 262, and it later extended that relief to TSI's attempted monopolization claim in light of the Ninth Circuit's intervening decision in *Aerotec International, Inc. v. Honeywell International, Inc.*, 836 F.3d 1171 (9th Cir. 2016). Dkt. No. 274. The Court entered a new judgment in the amount of $9,062,679 following these decisions, Dkt. No. 296, and both parties appealed. Dkt. Nos. 291 & 292. The Court approved a cash bond of $10,000,000 as appropriate security for a stay, Dkt. No. 298, and Swisher then deposited a cashier's check consistent with the Local Rules. Dkt. No. 299.

On February 8, 2019, the Ninth Circuit affirmed in part and reversed in part the Court's amended judgment. *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 761 F. App'x 714, 718 (9th Cir. 2019). It reversed the Court's rulings on TSI's antitrust claims and held that "[o]n remand, the district court is directed to reinstate the jury's verdict in its entirety." *Id.*

Swisher intends to petition the Supreme Court for a writ of certiorari reviewing this decision and has obtained an extension until September 15, 2019 to file its petition. *See Swisher Int'l, Inc. v. Trendsettah USA, Inc., et al.*, No. 118A1364, Dkt. 2 (June 27, 2019). Accordingly, Swisher moved the Ninth Circuit to stay issuance of the mandate pending disposition of the Supreme Court's ruling on its certiorari petition. *See Trendsettah USA, Inc., et al. v. Swisher Int'l, Inc.*, No. 16-56823, Dkt. 87 (9th Cir. Apr. 23, 2019). The Ninth Circuit granted that motion. *Id.* at Dkt. 88. TSI then moved the Ninth Circuit to lift the stay and issue the mandate, *id.* at Dkt. 89, and, on June 24, 2019, the Ninth Circuit granted that motion and ordered the clerk to issue the mandate, *id.* at Dkt. 92. The Ninth Circuit issued its mandate that day. Dkt. No. 353.

TSI did not promptly move the Court to enter a new judgment consistent with the

direction of the Ninth Circuit. Instead, without meeting and conferring with Swisher, TSI filed a "Notice of Issuance of Mandate" that attached a proposed order seeking "immediate release" of the supersedeas bond. Dkt. No. 354. Swisher moved *ex parte* to strike TSI's request to release the supersedeas bond. Dkt. No. 356. When the Court rejected TSI's request without prejudice to refiling a noticed motion, Dkt. No. 359, TSI filed this motion again seeking "immediate release, to [TSI], of Swisher's $10 million supersedeas cash bond." Dkt No. 364 at 1.

As Swisher indicated in its Ex Parte Application To Strike Plaintiffs' Request for Release of Supersedeas Bond, it intends to move for relief from any judgment entered by this Court under Rule 60 based on newly discovered evidence, fraud upon the court, and fraud, misrepresentation, and other misconduct by TSI. *See* Dkt. No. 356 at 6.

## II.   ARGUMENT

The Court should deny TSI's Motion for Summary Adjudication of Obligation and Execution on Supersedeas Bond for several independent reasons. First, the Ninth Circuit's mandate requires entry of a new judgment before TSI can collect from Swisher. Second, the supersedeas stay by its own terms has not expired, and, even if it had, likewise requires a new judgment prior to the bond's release. And contrary to TSI's suggestion, this Court has authority to deny TSI's motion and ensure it uses the appropriate procedures to obtain a judgment that it can enforce consistent with the Ninth Circuit's mandate.

### A.   A New Judgment Must Be Entered Prior To Collection

In the first instance, TSI ignores a simple but procedurally crucial precursor to its request: The issuance of a new judgment. The Ninth Circuit did not enter a self-executing decision. *See Trendsettah USA, Inc.*, 761 F. App'x at 718. Rather, its direction (that the jury's verdict be reinstated) was left to be implemented "[o]n remand" by this Court. *Id.* Rule 58 requires, with limited exceptions not present here, that a judgment be set out in a separate document. Fed. R. Civ. P. 58(a). And entering a proper judgment is "more than a mere formality." *Moore v. Warwick Pub. Sch. Dist. No.*

*29*, 794 F.2d 322, 323 n.1 (8th Cir. 1986). The judgment entered on remand becomes "the actual judgment upon which the plaintiff recovers its damages," even if that "judgment should have been entered [earlier] had the district court not erroneously granted judgment n.o.v." *Turner v. Japan Lines, Ltd.*, 702 F.2d 752, 753-54 (9th Cir. 1983) (holding that in such circumstances the date of "entry of the actual judgment without which plaintiff could not recover against defendant" was not the date to be used for equitable purposes in awarding interest).

TSI identifies no authority for releasing a bond prior to the "entry of the actual judgment without which plaintiff could not recover against defendant." *Turner*, 702 F.2d at 754. In the first two cases TSI cites, the mandates were self-executing because the Ninth Circuit had affirmed the underlying judgment. *See Sletten v. Navellier Series Fund*, No. 03:00CV0167LRH(VPC), 2006 WL 2335566, at *1 (D. Nev. Aug. 10, 2006) ("The Ninth Circuit effectively upheld this court's prior entry of judgment against Defendants."); *Paeste v. Gov't of Guam*, No. 1:11-CV-00008, 2016 WL 9450614, at *1 (D. Guam Apr. 8, 2016) ("The Ninth Circuit consolidated Defendants' appeals, and issued an opinion affirming this Court's three orders . . . ."). The only other cited decision released a bond back to the *defendant* because the Second Circuit vacated the adverse judgment on appeal. *Revlon, Inc. v. Carson Prods. Co.*, 647 F. Supp. 905, 906 (S.D.N.Y. 1986).

TSI itself states that under Rule 65.1, "the prevailing party on appeal *must show* that '[the Court of Appeals] has entered final judgment in [the prevailing party's] favor and issued the mandate.'" Mot. at 3 (quoting *Apple Inc. v. Samsung Electronics, Co.*, No. 11-cv-01846-LHK, 2015 WL 8477855, at *6 (N.D. Cal. Dec. 9, 2015) (emphasis added)). But the Ninth Circuit did not enter final judgment here. In *Apple*, the only case cited by TSI, the supersedeas bond related to a partial judgment that the Federal Circuit *affirmed*. 2015 WL 8477855, at *6. And even then, the district court released the bond only *after* it had entered a new judgment consistent with the Federal Circuit's decision (which had vacated and reversed other portions of its judgments). *Id.* at *2-3. Here by

contrast, the Ninth Circuit's reversal not only deprived the December 14, 2016 judgment of "all conclusive effect," *United States v. Lacey*, 982 F.2d 410, 412 (10th Cir. 1992), but also contemplated further action by this Court to reinstate the jury's verdict "[o]n remand." 761 F. App'x at 718. In cases like this one, a new judgment is required. *See*, *e.g.*, *Turner v. Japan Lines, Ltd.*, 562 F. Supp. 348, 349 (D. Or. 1983) (entering new judgment on remand after Ninth Circuit directed reinstatement of jury verdict).

**B.     The Parties' Stipulation and Court's Order Precludes Release of the Bond**

The parties' stipulation, Dkt. No. 297, and the Court's order, Dkt. No. 298, also forbid the release of Swisher's supersedeas bond at this time. The language of these documents controls the conditions for releasing the bond. *See Tennessee Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 798 (4th Cir. 1986) (finding the intention of the parties controls the duration of a supersedeas bond); *WesternGeco LLC v. ION Geophysical Corp.*, No. 4:09-CV-1827, 2016 WL 2344347, at *8 (S.D. Tex. May 4, 2016) (considering the language of the bond in deciding whether to allow its releases). And here, two conditions have not been met.

First, the stipulation and order approving the supersedeas bond stayed execution of the judgment "pending appeal." Dkt Nos. 297 at 3 & 298 at 2. And a certiorari petition—as well as further proceedings if the Supreme Court grants the writ—are part of an "appeal." The court in *WesternGeco* so held after examining similar language. 2016 WL 2344347, at *8. There, like here, the court was asked to determine whether "the term 'appeal' encompasses [a] petition for writ of certiorari to the Supreme Court." *Id.* Because such a petition is encompassed within an appeal both under the term's "common usage" and its usage among jurists, the court refused to release the bond until completion of the defendants' appeal. *Id.*

True, courts have rejected requests to stay the release of a bond pending the Supreme Court's review of a certiorari petition on the ground that the authority to grant such a further stay under 28 U.S.C. § 2101(f) resides with the Court of Appeals and Supreme Court—as TSI points out at length. *See* Mot. at 5-6. But Swisher is not seeking

a stay under § 2101(f) at this time. It simply asks the Court to maintain the stipulated stay through "appeal"—contractual language which, when used without limitation in a supersedeas bond agreement, includes a petition for a writ of certiorari. *WesternGeco LLC*, 2016 WL 2344347, at *8. And nothing in the cases cited by TSI suggests that the Court cannot enforce the parties' agreed-upon terms or otherwise lacks the inherent authority to stay the bond's release through the Supreme Court's consideration of Swisher's petition for certiorari. *See Junker v. Eddings*, No. 3:02-cv-00172, Dkt. 134 at 2 (N.D. Tex. April 29, 2005) (denying plaintiffs' motion directing clerk to release supersedeas funds in light of pending writ petition to the Supreme Court).

Even if the stay had expired when the Ninth Circuit issued its mandate, the stipulation and order would still require the entry of a new judgment before releasing the bond. That is because each reflects the parties' agreement and Court's order to stay "execution of the Court's *December 14, 2016 Judgment*." Dkt Nos. 297 at 3 & 298 at 2 (emphasis added). But TSI cannot execute on that judgment anymore as it is inconsistent with the Ninth Circuit's determination regarding the appropriate scope of relief. Rather, a new judgment is needed—as described above—on which TSI can collect if Swisher has not successfully stayed enforcement or otherwise obtained relief from this Court, the Ninth Circuit, or the Supreme Court.[1]

### C. The Court Has Authority To Deny TSI's Motion Without Prejudice

TSI also suggests that the Court cannot deny its motion because it "lacks authority to stay the Ninth Circuit's mandate." Mot. at 6. To be clear, Swisher does not seek a stay of the Court of Appeals' judgment. Swisher acknowledges that this Court must reinstate the jury's verdict and enter a new judgment to that effect. *See* Fed. R. Civ. P. 58. But nothing in that directive deprives this Court of jurisdiction to deny TSI's current

---

[1] For the same reasons, TSI is wrong to suggest the issuance of the mandate dissolved the stay entered by this Court. Mot. at 4-5. As explained above, that may be true when the Court of Appeals' judgment is self-executing. But it is not true here, where the parties' contractual language contemplates otherwise, and, in any event, a new judgment is required to effectuate the Ninth Circuit's directive.

motion. To the contrary, a mandate only "forecloses the lower court from reconsidering matters determined in the appellate court," leaving "to the district court any issue not expressly or impliedly disposed of on appeal." *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986); *accord Stevens v. F/V Bonnie Doon*, 731 F.2d 1433, 1435 (9th Cir. 1984). And here, the Ninth Circuit only considered this Court's substantive analysis on the merits of TSI's antitrust claims. 761 F. App'x at 716-18. It did not consider the manner in which TSI can collect a judgment, let alone whether it could release funds without a new judgment or pursuant to the parties' agreed-upon stipulation.

Indeed, the Federal Rules of Civil Procedure afford a simple solution. Rule 58 permits TSI to move for entry of a new judgment consistent with the Ninth Circuit's decision. *See* Fed. R. Civ. P. 58. It may not have done so because a new judgment carries with it a new automatic stay. Fed. R. Civ. P. 62(a); *see also All-Ways Logistics, Inc. v. USA Truck, Inc.*, No. 3:06CV00087 SWW, 2007 WL 9728710, at *1 & n.1 (E.D. Ark. Aug. 22, 2007) (noting that an new automatic stay begins with the entry of an amended judgement). Indeed, TSI's rush to collect appears to be an attempt to circumvent the Court's consideration of Swisher's forthcoming Rule 60 motion. But that is no excuse for disregarding the Federal Rules.

Nor will TSI face any prejudice if this Court denies its motion pending entry of judgment and determination of Swisher's Rule 60 motion. Swisher's willingness and ability to pay are beyond question. For one, Swisher has already deposited a significant bond. Dkt. No. 299. And it is prepared to post a $50 million cash bond—as it did to secure the initial judgment—in connection with a further stay if needed. *See* Dkt. No. 223.

Releasing the bond as TSI requests, by contrast, could lead to the permanent dissipation of Swisher's funds. Courts routinely take steps to protect against the improper dissipation of funds. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 881 (9th Cir. 2003); *Hendricks v. Bank of Amer-ica, N.A.*, 408 F.3d 1127, 1141 (9th Cir. 2005). And that risk is pronounced here in light of the indictment

against TSI's founder and CEO as well as TSI's history of not paying court judgments. *See* Dkt. No. 356 at 4. Denying TSI's motion and requiring it to instead abide by the parties' agreement and Federal Rules will merely "preserv[e] the status quo and protect[] all parties involved." *United States v. Melot*, No. CV 09-0752 JH/WPL, 2012 WL 2914224, at * 2 (D.N.M. 2012).

### III. CONCLUSION

For the foregoing reasons, Swisher respectfully requests that the Court deny TSI's Motion for Summary Adjudication of Obligation and Execution on Supersedeas Bond.

Dated: July 15, 2019

        THEODORE J. BOUTROUS JR.
        DANIEL G. SWANSON
        CYNTHIA E. RICHMAN
        MINAE YU
        JULIAN W. KLEINBRODT

        GIBSON, DUNN & CRUTCHER LLP

        JOSHUA R. MANDELL
        MICHAEL C. MARSH
        RYAN ROMAN

        AKERMAN LLP

        By: /s/ Theodore J. Boutrous Jr.
                Theodore J. Boutrous Jr.

        Attorneys for Defendant
        SWISHER INTERNATIONAL, INC.