MARK POE (S.B. #223714)
 mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
SAMUEL SONG (S.B. #245007)
 ssong@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Plaintiffs Trendsettah USA,
Inc. and Trend Settah, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| TRENDSETTAH USA, INC. and TREND SETTAH, INC.<br><br>              Plaintiffs,<br><br>    v.<br><br>SWISHER INTERNATIONAL, INC.<br><br>             Defendant. | Case No. 8:14-CV-01664-JDS (DFMx)<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REPLY EVIDENCE**<br><br>Judge:     The Hon. James V. Selna<br>Courtroom: Courtroom 10C<br>Date:      August 19, 2019<br>Time:      3:00 p.m. |

Plaintiffs Trendsettah USA, Inc. and Trend Settah, Inc. ("Trendsettah") hereby object to the Supplemental Declaration of Minae Yu (ECF No. 415) and its appended Exhibit A (ECF No. 415-1).

Exhibit A to the Yu Declaration purports to be an accurate transcript of an **April 30, 2019** hearing in the matter of *USA v. Akrum Alrahib*. Swisher provides no explanation as to why it did not submit that transcript along with its initial moving papers, particularly when it is not using that transcript to establish any new matters but simply to corroborate its existing arguments. *See Sec. & Exch. Comm'n v. Heart Tronics, Inc.*, No. 11-CV-1962-JVS, 2015 WL 13375687, at *2 (C.D. Cal. Aug. 3, 2015) ("When new evidence is presented in a reply, the Court should either not consider it or give the non-movant an opportunity to respond.") (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)) (J. Selna).

Trendsettah also objects because Exhibit A is plainly hearsay. Fed. R. Evid. 802. Swisher is not presenting Exhibit A to show statements made by Mr. Alrahib. Rather, Swisher is presenting the **out-of-court** statements made by government employees that purport to **characterize** what Mr. Alrahib supposedly told **other** government employees. In other words, not only does Exhibit A not present Mr. Alrahib's actual statements in question, but there is hearsay upon hearsay.

None of Swisher's cited cases create their desired exception to the hearsay rule. Contrary to Swisher's claim, *Daverna v. U.S.*, 198 F.2d 230 (9th Cir. 1952), does not concern transcripts of an interview, but instead was about witnesses testifying in court as to what the defendant had told them (i.e., a statement by a party-opponent). *Mike's Train House v. Lionel LLC*, 472 F.3d 398, 412 (6th Cir. 2006) held that interrogation transcripts and witness statements were admissible, but that is not applicable because Swisher has not submitted any interrogation transcripts or witness statements

1   (at best, Swisher submits a government brief that purports to recount from an

2   interrogation transcript, just as Exhibit A is a transcript of the statements of

3   two government witnesses that purport to characterize what Mr. Alrahib

4   supposedly said).  Similarly, in *Swiger v. Reid*, No. 04–cv–01010–LTB–

5   MJW, 2008 WL 538963 (D. Colo. Feb. 25, 2008), the interrogation

6   transcript itself was attached as an exhibit to the appellate brief.  *See id.* at *9

7   ("the petitioner's appellate brief **which includes a transcript** of the relevant

8   portions of the petitioner's confession (**Resp. Appx. C at 19–21**)")

9   (emphasis added).

10       Nor do Swisher's other cases show that a non-hearsay purpose exists for

11   admission of the transcript.  In *F.D.I.C. v. Bakkebo*, 506 F.3d 286 (4th Cir. 2007),

12   the court did not uphold the admission of an indictment because the allegations in

13   the document were admissible to prove anything about the defendant.  Rather, the

14   indictment was necessary because the FDIC's central claim was that the defendant

15   had taken certain actions ***because he was indicted*** – not allowing the indictment into

16   evidence would have entirely gutted the FDIC's case.  *Id.* at 295.  Here, neither

17   Trendsettah's case nor Swisher's defense concerned the fact of the indictment, or the

18   fact of the government brief, or the fact of the transcript – because they had yet to

19   happen.  In *U.S. v. Mitchell*, 514 F.2d 758, 762 (6th Cir. 1975), admission of the

20   ***prior*** indictments was permissible because one of them resulted in a conviction

21   (thereby presenting a proper means of impeachment of the defendant), and because

22   the existence of the prior indictment was relevant to the issue of motive – i.e., the

23   defendant had a reason to act a certain way because of the indictment.  Here, the

24   indictment, government brief, and the transcript have nothing to do with Mr.

25   Alrahib's motive or bias or state of mind because the indictment took place 3 years

26   after the trial – he logically cannot have been influenced by the indictment into

27   doing anything related to the trial years before he was actually indicted.  Similarly,

28   in *U.S. v. Gotti*, 641 F. Supp. 283, 293 (E.D.N.Y. 1983), the admission of a ***prior***

1  indictment was relevant to motive because, as the court explained, it was evidence

2  that the defendant had a motive to kill his fellow co-defendant in that other

3  proceeding – because by doing so, it would improve his chances at acquittal at that

4  trial (presumably because the decedent could no longer incriminate the defendant

5  during that trial).  The facts alleged in the indictment were not what was relevant,

6  just the fact of the indictment itself.  *Id.*  Here, Swisher is not seeking relief because

7  of the fact of the indictment, government brief, or transcript (as Mr. Alrahib is not a

8  party and Trendsettah is not indicted, nor named as a co-conspirator), but because it

9  contends that the allegations of the indictment and the government brief, and the

10  characterizations provided by the government employees in the transcript, are

11  themselves evidence that Trendsettah purportedly engaged in tax evasion.

12

13  Dated:  August 6, 2019                         GAW | POE LLP

14

15

16                                                        By:  _____

17                                                                Randolph Gaw
                                                                Attorneys for Plaintiffs
                                                                Trendsettah USA, Inc. and Trend
                                                                Settah, Inc.

18

19

20

21

22

23

24

25

26

27

28

TSI OBJS. TO REPLY EVIDENCE
CASE NO. 8:14-CV-01664-JVS (DFMX)