UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | August 19, 2019 |
| Title | Trendsettah USA, Inc. et al. v. Swisher International Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** **(IN CHAMBERS) Order Regarding Motion for Relief from Judgment or for Expedited Discovery, Motion to Stay, and Motion for Summary Adjudication**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby rules in accordance with the tentative ruling as follows:**

Defendant Swisher International, Inc. ("Swisher") filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(2), 60(b)(3), and 60(d), or in the alternative, for an order accelerating discovery into Plaintiffs' Trendsettah USA, Inc. and Trend Settah International, Inc. (collectively, "TSI") alleged misconduct. Mot., Docket No. 377. TSI filed an opposition. Opp'n, Docket No. 397. Swisher replied. Reply, Docket No. 414. With leave of the Court, TSI filed a sur-reply. Sur-Reply, Docket No. 421-1.

Swisher also moved to stay execution of any judgment against it in this case and related discovery under Federal Rule of Civil Procedure 62 until five business days after the filing of an order resolving the above motion for relief from judgment or, if later, five business days after notice of entry of any judgment entailed by such resolution. Docket No. 380. TSI opposed. Docket No. 404. Swisher replied. Docket No. 418.

Lastly, TSI moved for summary adjudication as to Swisher's supersedeas bond. Docket No. 364. Swisher opposed. Docket No. 372. Swisher replied. Docket No. 386.

For the following reasons, the Court **grants** the motion for relief from judgment. Therefore, the motions to stay and for summary adjudication are **denied as moot.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-1664 JVS (DFMx)                    Date   August 19, 2019

Title   Trendsettah USA, Inc. et al. v. Swisher International Inc.

## I. BACKGROUND

The background of this case is familiar to the parties and detailed in the Court's prior orders. Docket Nos. 262, 274, 340; see also Docket No. 349. The Court recites only those facts necessary to this order.

### A. Procedural History

The parties are manufacturers of cigars and other related products who entered into multiple supply agreements between 2011 and 2014. See Docket No. 262 at 1–2. In 2014, TSI filed this action against Swisher, initially alleging nine causes of action: (1) monopolization and attempted monopolization in violation of the Sherman Act, 15 U.S.C. § 2; (2) monopolization and attempted monopolization in violation of Florida Antitrust Law, Fl. Stat. § 542.19; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) trade libel; (6) tortious interference with contract; (7) intentional interference with prospective business relationships; (8) negligent interference with prospective business relationships; and (9) unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. Docket No. 1.

In May 2015, the Court dismissed the state law claims for negligent interference and unfair competition for failure to state a claim. Docket No. 40. In January 2016, the Court dismissed the state law claims for trade libel, tortious interference with contract, and intentional interference with prospective business relationships on summary judgment. Docket No. 99. The Court then scheduled trial on the remaining antitrust and contract claims for March 2016.

On August 17, 2016, following a jury verdict for TSI on its antitrust and breach of contract claims, the Court granted Swisher's motion for a new trial as to TSI's antitrust claims, but not its contract claims. Docket No. 262. The Court also granted Swisher judgment as a matter of law as to TSI's monopolization claim, but not as to its attempted monopolization claim. Id. Following the Ninth Circuit's decision in Aerotec Int'l Inc. v. Honeywell Int'l, Inc., 836 F.3d 1171 (9th Cir. 2016), the Court reconsidered its earlier decision denying Swisher summary judgment on TSI's antitrust claims, and granted Swisher summary judgment as to those claims. Docket No. 274.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-1664 JVS (DFMx)  Date  August 19, 2019

Title  Trendsettah USA, Inc. et al. v. Swisher International Inc.

Subsequently, the Ninth Circuit reversed the Court's grant of summary judgment to Swisher as to its antitrust claims, its grant of a new trial to Swisher as to the attempted monopolization claim, and its grant of judgment as a matter of law to Swisher as to the monopolization claim. Docket No. 349.

On July 8, 2019, TSI filed motions for attorneys' fees, expenses, and post-judgment interest, and for summary judgment as to Swisher's supersedeas bond. Docket Nos. 363, 364. On July 22, 2019, Swisher filed motions for relief from judgment or for expedited discovery, and to stay the proceedings. Docket Nos. 377, 380. The Court now turns to these motions.

**B.    Relevant Factual Background**

On April 12, 2019, the Southern District of California unsealed the criminal indictment of Akrum Alrahib ("Alrahib") in connection with his arrest. See Declaration of Minae Yu, Docket No. 379, Ex. A. Alrahib is the founder, chief executive officer of TSI, and one of its principals/shareholders. Docket No. 162 at 3. He also oversees the day-to-day operations of TSI. Id.

The federal excise tax on imported cigarillos during the relevant time period was 52.75%. See Docket No. 377 at 4 n.3. According to the indictment, TSI fraudulently avoided paying federal excise taxes on cigarillos it imported from the Dominican Republic through its importer, Havana 59, for a period between 2013 and 2015. Yu Decl., Ex. A; see also Declaration of Ryan Roman, Docket No. 378, Ex. K at Response No. 22. The indictment lists a number of allegedly falsified invoices which marked down the price TSI was actually paying for cigars to avoid federal excise taxes. Yu Decl., Ex. A. The indictment further alleges that, in reality, TSI did not purchase cigarillos from Havana 59; instead, it purchased them from Productos del Tobacco ("Productos") at prices approximately 3 to 4 times the sales price reported to the government by wiring money from TSI's bank account in California to Productos' bank account. Id.; see also Yu Decl., Ex. G at Attachment C-6. The government also alleges that TSI received over $700,000 from Havana 59 as kickbacks in the form of payroll checks for TSI's employees and free cigar manufacturing equipment that TSI sent to Products. See id., Ex. A at 7, Ex. B at 7. The government is seeking a forfeiture judgment of $9,914,921 against property in which Alrahib has an interest allegedly traceable to these violations. Id., Ex. A at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-1664 JVS (DFMx)                    Date   August 19, 2019

Title   Trendsettah USA, Inc. et al. v. Swisher International Inc.

In a voluntary video-recorded interview conducted by Internal Revenue Service ("IRS") and Alcohol and Tobacco Tax and Trade Bureau ("ATTAB") agents on May 11, 2017, Alrahib made a number of admissions regarding his and Bryant's participation in a tax evasion scheme. Relevant portions of the interview are reproduced below:

> ALRAHIB: Okay. That's the time that Tony Bryant approached me and says, look, I could import it for you, and I could save you money, and then I'll kick you back the money on the side. Okay.
>
> . . . .
>
> AGENT 2: On him giving you kickbacks on the 2 to 3 million dollars --
>
> ALRAHIB: Yes.
>
> AGENT 2: **Just to be clear, the kickbacks were from federal excise taxes evaded.**
>
> ALRAHIB: **That he evaded, yes. Yes.**
>
> . . . .
>
> ALRAHIB: Well, he was the importer. But was I aware that he was evading federal excise tax? Yes, if that's what you want me to say.
>
> AGENT 1: Yeah.
>
> ALRAHIB: I mean, that's what it was. Everybody knew that.
>
> . . . .
>
> AGENT 1: . . . [W]hat was your part in that?
>
> ALRAHIB: My part in what? In --
>
> AGENT 1: With the activity related to Tony [Bryant]'s importation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | August 19, 2019 |
| Title | Trendsettah USA, Inc. et al. v. Swisher International Inc. | | |

> ALRAHIB: My part is, as the cheaper you could get it for me, Tony, and the more I could save on the back end, thank you very much.
>
> . . . .
>
> AGENT 1: What was it that you and Tony were doing, specifically, that allowed the product to, you know, be available cheaper? What was it that you were doing specifically to reduce your burden, your financial burden?
>
> ALRAHIB: I wasn't doing anything. I wouldn't know how Tony was breaking up the importation tax. **He would just send me an email of how his BS breakdown was and then give us the invoice.** That was it. And then from that invoice of the total amount, I was supposed to take back 40, 50 percent, . . . .
>
> AGENT 1: Okay. And then, so he would then have money to send back to you, to kick back to you, correct?
>
> ALRAHIB: Yes.
>
> AGENT 2: All right. So Tony invoices [ALRAHIB's company]. And you send him 36 grand. Of that 36 grand, your understanding was, you're getting half of it back?
>
> ALRAHIB: I'm supposed to get 30 to 40 percent of that, of that money.
>
> AGENT 2: And it's supposed to come back to you?
>
> ALRAHIB: Yes. And however you break it down, however you do it, good luck to you. That's great. Give me my rebate.
>
> AGENT 2: **No, I got -- let me figure -- but the rebate, though, is based on him evading federal excise tax.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-1664 JVS (DFMx)  Date  August 19, 2019

Title  Trendsettah USA, Inc. et al. v. Swisher International Inc.

>   ALRAHIB:  **Yes.**
>
>   AGENT 2:  Okay.
>
>   AGENT 1:  Thank you.
>
>   ALRAHIB:  Yes, it is. Of course it is. I don't know what else to say, but I know I'm screwing – I mean, it is. I mean, yes. We all know that.
>   . . . .
>   AGENT 2:  So Tony's scheme, there's -- putting someone in between, but Tony -- The scheme you worked with Tony, he took the extra step of instead of just putting someone in between --
>
>   ALRAHIB:  I didn't work the scheme with Tony. I rode Tony's train because his scheme was already moving. And then Tony said, you want to come and save money riding my train? **Then I realized it's a scheme. Then when I saw his scheme, I said, wait a minute, I need to benefit from your scheme.**
>   . . . .
>   ALRAHIB: . . . let's say, for example, [the manufacturer] was charging me at the time 6 or 7 cents a stick, but Tony [Bryant] was claiming 2 cents a stick, so he never had extra money.  He never had extra money because he never put the actual dollar amount that [the manufacturer] was charging us.
>   . . . .
>   AGENT 2: Tony [Bryant] never charged Trendsettah, being you, enough money to cover the actual cost of the product?
>
>   ALRAHIB: **No. Of course not. It was all a game.**
>
>   AGENT 2: No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 14-1664 JVS (DFMx)　　　　Date　August 19, 2019

Title　Trendsettah USA, Inc. et al. v. Swisher International Inc.

> ALRAHIB: This water costs a dollar, right. But when Tony [Bryant] -- he's the importer, right?
>
> AGENT 1: Yeah.
>
> ALRAHIB: He's showing that this water is 30 cents. And then from the 30 cents, he's supposed to give me 10 cents.

Yu Decl., Ex. B at 3–5, 10–11 (quoting interview transcript) (emphasis in prosecutors' reproduction). Bryant pled guilty to related fraud and tax-evasion charges in 2016, and was sentenced to seven years in prison. See Yu Decl., Exs. D–F. Alrahib's criminal trial is scheduled to commence on December 16, 2019. Id., Ex. C.

**C.　Evidentiary Objections and Requests for Judicial Notice**

On Rule 60 motions, "[t]he proffered evidence must be admissible." Winding v. Wells Fargo Bank, 2012 WL 603217, at *9 (E.D. Cal. Feb. 23, 2012), aff'd 706 F. App'x 918 (9th Cir. 2017); Norris v. F.B.I., 1990 WL 134276, at *2 (9th Cir. Sept. 18, 1990) (same). Furthermore, "[w]hen alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." Weese v. Schukman, 98 F.3d 542, 552 (10th Cir. 1996) (emphasis added).

TSI objects to the Court's consideration of either the indictment or the government's brief appealing the magistrate's grant of bail to Alrahib, which contains passages from Alrahib's interview transcript with IRS and ATTAB agents. Docket No. 403; see also Yu Decl., Exs. A, B.

TSI objects to the indictment on the ground that it is well-established that an indictment is not evidence. See United States v. Ramirez, 710 F.2d 535, 545 (9th Cir. 1983) ("[An] indictment is not evidence against the accused and affords no inference of guilt or innocence."). The Court agrees. Therefore, the Court will not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-1664 JVS (DFMx)  Date  August 19, 2019

Title  Trendsettah USA, Inc. et al. v. Swisher International Inc.

consider the facts contained in the indictment for their truth. However, the Court takes judicial notice of the existence of the indictment and its contents as a public record, the accuracy of which cannot reasonably be questioned.

TSI objects to the government's brief appealing the magistrate's grant of bail to Alrahib, arguing (1) that statements in a brief are not evidence, and (2) that the evidence is inadmissible hearsay. Docket No. 403 at 2. However, admissions of a party opponent are not hearsay and are admissible. Fed. R. Evid. 801(d)(2). Moreover, the record of the interrogations is also admissible as a public record, resolving concerns about a potential second layer of hearsay as to the government's filing itself. Mike's Train House, Inc. v. Lionel, L.L.C., 472 F.3d 398, 412 (6th Cir. 2006) (affirming admission of interrogation transcripts as public records and statements against declarant's interests). Therefore, TSI's objection to the Court's consideration of Alrahib's admissions in his interview with government agents is overruled because Alrahib's conduct is imputable to TSI, and thus his confession contained in the brief is admissible as an admission of a party opponent. Fed. R. Evid. 801(d)(2); see also Fed. R. Evid. 803(5), 803(8), and 804(b)(3).

TSI also objects to Exhibit A to the Supplemental Declaration of Minae Yu, Docket Nos. 415, 415-1. The document is a transcript of an April 30, 2019 hearing in the matter of USA v. Akrum Alrahib. TSI argues that the document, which contains statements of government employees characterizing what Alrahib supposedly told other government employees, constitutes double hearsay. Docket No. 419 at 1. The Court agrees. This evidence is distinct from direct statements from Alrahib quoted from an interview transcript. Therefore, the objection is sustained.

Swisher also filed evidentiary objections. Docket No. 416. Because there are 39 separate objections, the Court declines to address each one-by-one. To the extent the Order cites evidence to which Swisher objects, the objection is impliedly overruled. To the extent the Court does not rely on the evidence submitted, the Court declines to rule on the objections.

Finally, TSI filed a request that the Court take judicial notice of (1) The Order Denying Government's Motion for Pretrial Detention, filed in United States v. Alrahib, in the United States District Court for the Southern District of Florida,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-1664 JVS (DFMx)   Date  August 19, 2019

Title  Trendsettah USA, Inc. et al. v. Swisher International Inc.

No. 1:19-cr-20165-RS, on May 1, 2019, as Docket Entry 17; (2) Swisher's Motion to Stay the Mandate, filed with the Ninth Circuit in the matter of Trendsettah USA, Inc., et al. v. Swisher International Inc., No. 1656823, on April 23, 2019, as Docket Entry 87; and (3) Swisher's Opposition to Lift Stay of the Mandate, filed with the Ninth Circuit in the matter of Trendsettah USA, Inc., et al. v. Swisher International Inc., No. 16-56823, on May 9, 2019, as Docket Entry 90. RJN, Docket No. 402, Exs. A–C. The Court may take judicial notice of matters of public record, Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), including related filings from another case. Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005). Therefore, TSI's request for judicial notice is granted.

## II. LEGAL STANDARDS

### A.  Federal Rules of Civil Procedure 60(b)(2) and (b)(3)

"[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding [based on] . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To prevail, "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990).

The court may also grant relief from judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To prevail under this subsection, the movant "must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000). In addition, this subsection "require[s] that [the alleged] fraud . . . not be discoverable by due diligence before or during the proceedings." Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).

Under either subsection (b)(2) or (b)(3), the motion "must be made . . . no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | August 19, 2019 |
| Title | Trendsettah USA, Inc. et al. v. Swisher International Inc. | | |

more than a year after the judgment or order." Fed. R. Civ. P. 60(c)(1).

**B.     Federal Rule of Civil Procedure 60(d)**

The court may also "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Relief under this subsection is not subsection is not subject to the one-year time limit. United States v. Sierra Pac. Indus., Inc., 862 F.3d 1157, 1167 (9th Cir. 2017) (citation omitted), cert. denied, 138 S. Ct. 2675 (2018).

"A court's power to grant relief from judgment for fraud on the court stems from 'a rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry.'" Id. (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S.238, 244 (1944)). "[R]elief from judgment for fraud on the court is 'available only to prevent a grave miscarriage of justice.'" Id. (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). Thus, "not all fraud is fraud on the court." Id. (citation omitted).

"In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process." United States v. Estate of Stonehill, 660 F.3d 415, 444 (9th Cir. 2011) (internal quotation marks and citation omitted). Therefore, fraud on the court must be an "intentional, material misrepresentation," In re Napster, Inc. Copyright Litig., 479 F.3d 1078, 1097 (9th Cir. 2007),[1] and "involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1131 (9th Cir. 1995) (citation omitted).

The relevant misrepresentations must also go "to the central issue in the case," Estate of Stonehill, 660 F.3d at 452, and must "affect the outcome of the case," id. at 448. In other words, the newly discovered misrepresentations must "significantly change the picture already drawn by previously available evidence." Id. at 435. Thus, "[m]ere nondisclosure of evidence is typically not enough to constitute fraud on the court, and 'perjury by a party or witness, by itself, is not

---

[1] Abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | August 19, 2019 |
| Title | Trendsettah USA, Inc. et al. v. Swisher International Inc. | | |

normally fraud on the court' " unless it is "so fundamental that it undermined the workings of the adversary process itself." Id. at 444–45 (quoting In re Levander, 180 F.3d 1114, 1119 (9th Cir. 1999)). However, "perjury may constitute fraud on the court if it involves, or is suborned by, an officer of the court." Sierra, 862 F.3d at 1168 (internal quotation marks and citation omitted).

Lastly, the fraud must have been unknown at the time of settlement or entry of judgment because "issues that are before the court or could potentially be brought before the court during the original proceedings 'could and should' be exposed at trial.'" Id. (quoting In re Levander, 180 F.3d at 1120). However, relief is available for fraud discovered after entry of judgment, or "after-discovered fraud," Hazel-Atlas, 322 U.S. at 244, particularly if the opposing party attempted to uncover the fraud before trial, but was "thwarted by a witness who blatantly lied about the relevant issue." Sierra, 862 F.3d at 1168–69. Accordingly, relief is supported if "key information" is revealed only after entry of judgment. Sierra, 862 F.3d at 1169.

### III. DISCUSSION

**A.   Rule 60(d)**

As noted, to grant Swisher relief for fraud on the court, it must prove that (1) TSI engaged in misconduct that undermined the judicial process and (2) the misconduct went to the central issues in the case. See Estate of Stonehill, 660 F.3d at 445, 452.

Swisher sought information relevant to TSI's payment of federal excise taxes during discovery. Swisher served on TSI requests for production seeking federal excise tax filings made by or on behalf of TSI, its costs and profits, and the sources of funds for its machinery. See Roman Decl., Ex. A, RFP Nos. 26–29, 32–34; Ex. B, Interrogatory No. 17; Ex. L, RFP Nos. 21–24, 26, 57. In response to the requests for production seeking the federal excise tax filings made by or on behalf of TSI, TSI objected on the grounds that the production of the actual filings was burdensome and that the documents were irrelevant. Id., Ex. C, Resp. Nos. 26–28. Swisher responded that "FET payments are an essential component to calculating profits and profitability, which, of course, is the baseline for the lost

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | August 19, 2019 |
| Title | Trendsettah USA, Inc. et al. v. Swisher International Inc. | | |

profits analysis TSI's allegations require." Id. ¶ 3, Ex. E. However, TSI would later argue that "[t]he information Swisher seeks will already be found in TSI's financial records, sales orders, and invoices, which it has agreed to produce," id. ¶ 4, Ex. F, and that "[g]iven that the tax rates are publicly available, and given that the same information you seek will be available in TSI's sales records (and it's fair to say that TSI has no incentive to overestimate its tobacco sales to the government), we do not think the probative value of these filings outweighs the burden of collecting them." Id. ¶ 7, Ex. I. TSI also sought to remove search terms relating to federal excise taxes in connection with electronically-stored information ("ESI") production. Id. ¶¶ 5–6, Exs. G–I. Swisher then agreed to remove these search terms. Id. ¶ 8. TSI's general counsel subsequently testified that TSI had produced all documents responsive to Swisher's discovery requests. See Yu Decl., Ex. R at 164:24–165:22.

Of course, TSI never disclosed the information Alrahib later admitted in his interview with federal agents, i.e., the scheme through which Bryant evaded federal excise taxes on TSI's cigarillos and passed along a portion of the profits from this evasion to Alrahib in the form of kickbacks. Nor did TSI disclose documents which demonstrated what Alrahib admits were falsified invoices prepared by Bryant which perpetrated the scheme. Therefore, the documents produced did not reflect the true cost of manufacturing and importing TSI's cigarillos, even though they were presented to Swisher as an accurate reflection of TSI's costs and profits. See, e.g., Yu Decl., Exs. J–L; Romand Decl., Ex. K at Resp. No. 17, Ex. P at Resp. No. 17, Ex. S at 88:5–95:2, 100:22–105:25, 113:1–7.

These misleading financial records were in turn relied on by TSI's economic expert, Dr. Deforest McDuff ("Dr. McDuff"), who used them as the basis of his damages analysis. See, e.g., Yu Decl., Ex. G at 42–48, Attachments C-1, C-6, C-7, D-13, D-14, E-12. Dr. McDuff also worked with Alrahib and Bryant, who submitted to his interviews. See, e.g., id. at 2–3, 23–25, 33–36. Dr. McDuff's damages calculations relied on TSI's profit margins during 2013 and 2014 which, based on Alrahib's admissions, were artificially inflated by the underpayment of federal excise taxes, infecting Dr. McDuff's entire analysis. See id. at 47–48, Attachments C-6, C-7. Swisher also presents the declaration of its own expert, Dr. Alan Cox ("Dr. Cox") concluding that TSI's avoidance of federal excise taxes would allow it to lower costs and charge "artificially low prices . . . to sell more

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | August 19, 2019 |
| Title | Trendsettah USA, Inc. et al. v. Swisher International Inc. | | |

cigarillos than they would have in the absence of fraud." Declaration of Alan Cox ("Cox Decl."), Docket No. 377-2 ¶ 20. Dr. Cox also opines that, because of TSI's low gross profit margins, when corrected for the correct federal excise tax, TSI would have operated on a negative margin on sales of imported cigarillos from 2013–15. Id. ¶¶ 30–31.

At trial, TSI moved to exclude "any evidence or argument regarding any tax or regulatory enforcement actions Mr. Alrahib faced in the years prior to TSI's manufacturing relationship with Swisher." Docket No. 112 at 1. Prior to founding TSI, Alrahib faced a civil forfeiture action for failing to pay excise taxes on tobacco products distributed through one of his prior businesses. Yu Decl., Ex. M at 48:11–51:12. In support of its motion, TSI argue that Alrahib's failure to pay excise taxes more than a decade prior had nothing to do with the two central issues in this case, and that the admission of such past crimes, wrongs, or tax issues would lead to unfair prejudice. Docket No. 112 at 1. The Court ruled in TSI's favor on the basis of these representations, reasoning that "[s]tripped of a proper link, the evidence is merely improper character evidence." Docket No. 163 at 4. Of course, had TSI disclosed Alrahib and Bryant's scheme, that "proper link" would have been clear. But based on TSI's inaccurate arguments that Alrahib's federal excise tax violations were merely past wrongs, Swisher was foreclosed from asking Alrahib about excise tax evasion, a line of questioning that, absent perjury, would likely have led to the disclosure of the fraudulent scheme he later disclosed to federal IRS and ATTAB agents.

Alrahib's credibility was central to the trial. He was TSI's first witness, and offered testimony regarding nearly element of TSI's claims. See Yu Decl., Ex. U at 28–102. In addition, other TSI witnesses presented a materially false portrayal of TSI's financial records, costs, profitability, injury, and damages. For instance, TSI's CFO Salah Kureh testified that every item of revenue or expense was properly recorded in TSI's financial records and that all this information was provided to TSI's expert. Id., Ex. V at 9–13. He also testified that TSI had higher profits on Productos-manufactured products compared to Swisher-manufactured products because Products' costs were lower, without disclosing the tax evasion scheme which reduced these costs. Id. at 20. Dr. McDuff further testified about TSI's profit margins, projected sales, lost profits, and the fact and extent of TSI's damages. Id. at 175–82, 187–88, 190, 193–98. TSI also offered, and the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | August 19, 2019 |
| Title | Trendsettah USA, Inc. et al. v. Swisher International Inc. | | |

admitted into evidence, Trial Exhibits 135 and 136, which set forth artificially inflated profit margins for TSI. Id. at 193–95; id., Exs. X–Z. Based on these inaccurate profit margins, Dr. McDuff opined that TSI suffered $9,062,679 in lost profits between 2012 and 2015, and $5,752,815 in future sales, totaling $14,815,494 in damages. Id., Ex. V at 193–97, Exs. X–Y, Ex. A at 35, 53. After trial, the jury awarded the exact amounts Dr. McDuff computed based on TSI's false financial records. Id., Ex. Z at 35.

Based on the foregoing, TSI presented to the jury and the Court a theory of "lost profits" premised on inaccurate data which was a product of a fraudulent tax evasion scheme. Therefore, TSI's conduct tainted the integrity of the trial and interfered with the judicial process, and the judgment must be set aside. Fed. R. Civ. P. 60(d).

TSI's opposition does not present any argument which persuades the Court to alter this conclusion. TSI argues that, even if it falsely represented that further responsive information did not exist, it is not "fraud on the court" because the representation was made to Swisher, not the Court. Opp'n, Docket No. 410 at 21–22. However, this "trail of fraud continued without break" into proceedings before the Court and infected key evidence presented to the jury. Hazel-Atlas, 322 U.S. at 250.

TSI further argues that no misrepresentations were made to the jury because, regardless of Alrahib's participation in a "private conspiracy," the cost basis that formed the basis of Dr. McDuff's damages calculations "would have been the same anyway." Opp'n, Docket No. 410 at 18. However, as demonstrated above, this statement is untrue based on Alrahib's own admissions. His tax evasion was not a "private conspiracy" because it was engineered to avoid taxes on TSI's products, artificially boosting TSI's profits. TSI contends that no false evidence was presented because "Swisher does not allege that Trendsettah actually had higher costs than were reported to the jury, or that it actually had a lower profit margin . . . only that Trendsettah should have had higher costs and/or lower profit margins" from 2013–15. Docket No. 410 at 12. This argument is unavailing. TSI had no rights to the "profits" that were, by Alrahib's admission, stolen from the government. See AlphaMed Pharms. Corp. v. Arriva Pharms., Inc., 432 F. Supp. 2d 1319, 1348 (S.D. Fla. 2006) ("It is beyond dispute that [a plaintiff] cannot

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | August 19, 2019 |
| Title | Trendsettah USA, Inc. et al. v. Swisher International Inc. | | |

recover lost profits that are predicated on the completion of illegal activity."); Carruthers v. Flaum, 365 F. Supp. 2d 448, 470 (S.D.N.Y. 2005) (dismissing claims with prejudice because plaintiff's claims for damages "are predicated on the completion of illegal activity . . . and are not recoverable for that reason alone").

TSI also argues that relief is not justified based on Swisher's counsels' lack of diligence, i.e., failure to uncover the fraud sooner. Opp'n, Docket No. 410 at 22. For instance, TSI argues that Swisher failed to pursue documentation regarding TSI's obligation to pay federal excise taxes, and failed to ask "a single witness a single question about" the subject. Id. at 6. However, as noted, Swisher served discovery calling for the production of the information which would have revealed the fraud, including "all documents showing or reflective of federal excise tax paid with respect to Splitarillos, whether paid by TSI or on TSI's behalf." Roman Decl., Ex. A, RFP Nos. 26, 27 (emphasis added). TSI resisted this discovery by objecting to its production on grounds of irrelevance and undue burden. Id., Ex. C, Resp Nos. 26, 27. Moreover, TSI's witnesses testified that all relevant documents were collected and produced. See Yu Decl., Ex. R at 164–65.

TSI also successfully moved in limine to exclude any evidence or argument regarding Alrahib's past tax-related enforcement actions, in part based on the argument that Alrahib's tax evasion was merely past conduct that had no relevance to this trial. Docket Nos. 112 at 1, 148-1 at 2. The Court found that there was no "proper link" between such evidence and this case. Docket No. 163 at 4. TSI also claimed that Swisher would be able to determine the amount of federal excise taxes paid on its products using other documents to be produced and the publicly available tax rate; however, this misrepresentation did not account for TSI's failure to comply with the law by paying that rate. Roman Decl. ¶¶ 4, 7, Exs. F, I. Alrahib also testified in a deposition that he had learned from his past tax-related mistakes, giving Swisher even less of a basis on which to pursue a theory of ongoing tax fraud. Yu Decl., Ex. M at 48:11–49:1, 50:3–7, 541:7–12. Furthermore, TSI submits invoices with its opposition that it argues show that TSI did not fail to pay excise taxes, but those are the very types of documents that TSI's CEO has admitted are fraudulent. Docket No. 379-2 at 3–5, 10–11; Docket No. 410-2 at 3–4, 10–11. Therefore, TSI's claim that excise taxes were of "no interest" to Swisher in discovery or trial, and that the "criticality" of the issue was not asserted until over three years after the verdict was returned, is incorrect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-1664 JVS (DFMx)                              Date   August 19, 2019

Title   Trendsettah USA, Inc. et al. v. Swisher International Inc.

    Based on the foregoing, Swisher's discovery efforts constituted "due diligence" for purposes of Rule 60(d)(3).  Swisher was "entitled to accept [TSI's] answers to [its] discovery requests as accurate and not to seek additional discovery relating to the issue."  Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 305 F. Supp. 2d 939, 961 (E.D. Wis. 2004), reversed on other grounds, 402 F.3d 1198 (Fed. Cir. 2005).  TSI cannot blame Swisher for the success of its obstructionist conduct.  Id.; see also Wyle v. R. J. Reynolds Industries, Inc., 709 F.2d 858, 591 (9th Cir. 1983) (holding that it would be improper to allow a party to "profit from its own failure to provide discovery"); Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1537 (8th Cir. 1996) (holding that plaintiff's failure to timely produce relevant documents requested by the defendant should not be viewed as lack of due diligence on the part of the defendant); Hazel-Atlas, 322 U.S. at 246 (stating "[w]e cannot easily understand how, under the admitted facts, Hazel should have been expected to do more than it did to uncover the fraud" where plaintiff interfered with defendant's attempts to uncover the fraud); Pumphrey, 62 F.3d at 1133 (where defendant prevented disclosure of critical evidence during trial through the use of misleading, inaccurate, and incomplete responses to discovery requests and presentation of fraudulent evidence and testimony during trial, defendant "is in no position to dispute the effectiveness of the scheme in helping to obtain a favorable jury verdict").

    Moreover, where, as here, the Court itself was a victim of the fraud, "even if [the moving party] did not exercise the highest degree of diligence [the] fraud cannot be condoned for that reason alone."  Hazel-Atlas, 322 U.S. at 246.  As the Supreme Court explained, "[t]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant.  It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society."  Id.  Thus, "it cannot be that the preservation of the integrity of the judicial process must always wait upon the diligence of litigations."  Id.

    In sum, Swisher has shown by clear and convincing evidence that TSI engaged in misconduct that undermined the judicial process which went to the central issues in the case.  See Estate of Stonehill, 660 F.3d at 445, 452; Fed. R. Civ. P. 60(d)(3).  Accordingly, the motion for relief from judgment under Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | August 19, 2019 |
| Title | Trendsettah USA, Inc. et al. v. Swisher International Inc. | | |

Rule 60(d)(3) is granted.

**B.     Rules 60(b)(2) and (b)(3)**

TSI argues that relief under subsections (b)(2) and (b)(3) is time-barred by their one-year statute of limitations. Opp'n, Docket No. 410 at 13–15. TSI argues that Swisher is not entitled to relief under Rule 60(b)(2) because Swisher discovered TSI's fraud before the Court entered a new operative judgment in this case. However, Rule 60(b)(2) states that new evidence is that which "could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Here, the evidence demonstrating fraud — Alrahib's May 2017 interview which was revealed to the public in April 2019 — was not available during that time frame.

TSI also points to Ninth Circuit precedent holding that this "one-year limitation period is not tolled during an appeal." Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989). However, "if the appeal results in a substantive change, then the time would run from the substantially modified order entered on mandate of the appellate court." Transit Casualty Co. v. Security Trust Co., 441 F.2d 788, 791 (5th Cir. 1971). Here, the Ninth Circuit's decision substantially altered the judgment, and the time for bringing a Rule 60(b) motion restarts. Therefore, this case is distinguishable from Nevitt, in which the court affirmed the district court's initial judgment. Nevitt, 886 F.2d at 1187. TSI argues that "the clock is restarted only if the resulting 'change' to the prior judgment was such as to present a new basis for the moving party's challenge, which had not existed under the prior judgment," citing to Jones v. Swanson, 512 F.3d 1045, 1049 (8th Cir. 2008). Opp'n, Docket No. 410 at 15. However, Jones states that the relevant inquiry is whether the "legal rights and obligations of the parties" have changed as a result of the appellate court's decision. Jones, 512 F.3d at 1049. Distinguishing between liability and damages, the Eight Circuit in Jones found that the appellate court's decision did not result in substantial changes because it only modified the amount of damages, not the liability determination, while the defendant's Rule 60 motion challenged only the liability ruling. Id. Here, as noted, the Ninth Circuit's decision substantially altered both Swisher's liability and damages, and its motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | August 19, 2019 |
| Title | Trendsettah USA, Inc. et al. v. Swisher International Inc. | | |

challenges both. Therefore, the motion is timely.[2]

     Moreover, based on the same reasoning applied above to Swisher's motion for relief from judgment under Rule 60(d), the requirements of Rule 60(b)(2) and 60(b)(3) are satisfied. To prevail under subsection (b)(2), the movant must show that (1) the evidence constitutes "newly discovered evidence" within the meaning of Rule 60(b), (2) the movant exercised due diligence to discover this evidence, and (3) the newly discovered evidence would have likely changed the disposition of the case. Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003). Subsection (b)(3) requires that the movant show (1) fraud, misrepresentation, or misconduct by an opposing party which (2) prevented it from fully and fairly presenting its case or defense. Jones, 921 F.2d at 879. As demonstrated above, Swisher exercised the requisite diligence, newly discovered evidence of fraud was uncovered in 2019, and the evidence fraud would have likely changed the disposition of the case. Furthermore, the absence of this evidence of fraud from the record substantially interfered with Swisher's defense.

     In sum, because Swisher has shown that relief is appropriate under Rule 60(b)(2) and Rule 60(b)(3) by clear and convincing evidence, its motion is granted under these subsections as well.

**C.    Mandate Rule**

     TSI also argues that the Ninth Circuit's mandate deprives the Court of authority to grant Swisher's Rule 60 motion. Opp'n, Docket No. 410 at 22–25. The Court disagrees. "Absent a mandate which explicitly directs to the contrary, a district court upon remand can permit the plaintiff to 'file additional pleadings, vary or expand the issues.'" Nguyen v. United States, 792 F.3d 1500, 1502 (9th Cir. 1986) (quoting Rogers v. Hill, 289 U.S. 582, 587–88 (1933)). The Supreme Court and several Courts of Appeals have held that district courts have the authority to rule on Rule 60 motions after the issuance of an appellate mandate.

---

     [2] The Ninth Circuit's ruling did not alter anything with respect to the breach of contract claims. Therefore, they are time barred from relief under Rules 60(b)(2) and (b)(3). However, it is immaterial for purposes of this ruling because the judgment in favor of TSI on its breach of contract claims is vacated under Rule 60(d)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | August 19, 2019 |
| Title | Trendsettah USA, Inc. et al. v. Swisher International Inc. | | |

Standard Oil Co. of California v. United States, 429 U.S. 17, 18 (1976); Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 775 (9th Cir. 1986); Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc., 818 F.3d 1320, 1329 (Fed. Cir. 2016).  Therefore, the Ninth Circuit's mandate does not preclude the Court's consideration of Swisher's Rule 60 motion.

## IV.  CONCLUSION

For the foregoing reasons, the Court **grants** the motion for relief from judgment.  Therefore, the motions to stay and for summary adjudication are **denied as moot.**

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |