THEODORE J. BOUTROUS JR.
  SBN 132099
  tboutrous@gibsondunn.com
DANIEL G. SWANSON
  SBN 116556
  dswanson@gibsondunn.com
MINAE YU
  SBN 268814
  myu@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

CYNTHIA E. RICHMAN
(admitted *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone:  202.955.8234
Facsimile:   202.530.9691

JULIAN W. KLEINBRODT
  SBN 302085
  jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission St., Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:   415.393.8306

*Attorneys for Swisher International, Inc.*

JOSHUA R. MANDELL,
  SBN 225269
  joshua.mandell@akerman.com
AKERMAN LLP
725 South Figueroa Street, 38th Floor
Los Angeles, CA  90017-5438
Telephone:  213.688.9500
Facsimile:   213.627.6342

MICHAEL C. MARSH
(admitted *pro hac vice*)
  michael.marsh@akerman.com
RYAN ROMAN
(admitted *pro hac vice*)
  ryan.roman@akerman.com
AKERMAN LLP
One Southeast Third Avenue, 25th Floor
Miami, FL  33131
Telephone:  305.374.5600
Facsimile:   305.374.5095

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENDSETTAH USA, INC. and TREND SETTAH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SWISHER INTERNATIONAL, INC., <br><br> Defendant. | CASE NO. 8:14-cv-01664-JVS-DFM <br><br> **JUDGMENT** |

On October 14, 2014, Plaintiffs Trendsettah USA, Inc. and Trend Settah, Inc. ("Plaintiffs") initiated this action against Defendant Swisher International, Inc. ("Defendant"), asserting nine causes of action for (1) violation of Sherman Act, 15 U.S.C. § 2; (2) violation of Florida Antitrust Law, Fl. Stat. § 542.19; (3) Breach of Contract; (4) Breach of Implied Covenant of Good Faith and Fair Dealing; (5) Trade Libel; (6) Tortious Interference with Contract; (7) Intentional Interference with Prospective Economic Relations; (8) Negligent Interference with Prospective Economic Relations; and (9) California violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.  Dkt. No. 1.

On May 19, 2015, the Court granted in part and denied in part Defendant's motion for judgment on the pleadings and dismissed Plaintiffs' claims for negligent interference with prospective economic relations and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.  Dkt. No. 40.

On January 21, 2016, the Court granted in part and denied in part Defendant's motion for summary judgment.  The Court granted summary judgment in Defendant's favor on Plaintiffs' claims for trade libel, tortious interference with contract, and intentional interference with prospective economic relations.  The Court denied summary judgment on Plaintiffs' claims for violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, and violation of the Florida Antitrust Law, Fla. Stat. § 542.19.  Dkt. No. 99.

On February 1, 2016, Plaintiffs abandoned their claim for violation of the Florida Antitrust Law, Fla. Stat. § 542.19, in their Memorandum of Contentions of Fact and Law pursuant to Civil Local Rule 16-4.6.  Dkt. No. 133, at 13.

On February 24, 2016, this Court entered the Final Pretrial Conference Order pursuant to Fed. R. Civ. P. 16, which stated that Plaintiffs plan to pursue claims for violation of 15 U.S.C. § 2 (Count 1); breach of contract (Count 3) and breach of the implied covenant of good faith and fair dealing (Count 4) and that the Final Pretrial Conference Order "shall supersede the pleadings." Dkt. No. 162, at 7, 32-33.  The Final

1   Pretrial Conference Order did not include any of Plaintiffs' other claims, including their

2   claim for violation of the Florida Antitrust Law, Fla. Stat. § 542.19  *Id.*

3        This action came on for trial on March 15, 2016, in Courtroom 10C of the above-

4   entitled Court, the Honorable James V. Selna, United States District Judge, presiding.

5   After an eight-day trial and after deliberations, on March 30, 2016, the jury returned a

6   Special Verdict in favor of Plaintiffs and against Defendant on each of the four causes

7   of action tried:  (1) breach of contract; (2) breach of the covenant of good faith and fair

8   dealing; (3) violation of Section 2 of the Sherman Act by creating or maintaining a

9   monopoly through anti-competitive practices; and (4) violation of Section 2 of the

10  Sherman Act by attempting to create or maintain a monopoly through anti-competitive

11  practices.  On Plaintiffs' claims for breach of contract and breach of the covenant of

12  good faith and fair dealing, the jury awarded $9,062,679.00.  On Plaintiffs' claims for

13  monopoly and attempted monopoly under Section 2 of the Sherman Act, the jury

14  awarded $14,815,494.00.  Dkt. No. 206.

15       Swisher moved for judgment as a matter of law or, in the alternative, for a new

16  trial, on May 12, 2016.  Dkt. No. 233.  On August 17, 2016, the Court granted judgment

17  in favor of Defendant, and in the alternative, a new trial, on Plaintiffs' cause of action

18  for violation of Section 2 of the Sherman Act by creating or maintaining a monopoly

19  through anti-competitive practices.  The Court granted a new trial on Plaintiffs' cause of

20  action for violation of Section 2 of the Sherman Act by attempting to create or maintain

21  a monopoly through anti-competitive practices.  Dkt. No. 262.

22       On October 10, 2016, Defendant filed a motion for reconsideration of the Court's

23  August 17, 2016 order denying in part Defendant's motion for judgment as a matter of

24  law on Plaintiffs' Section 2 claims, and for reconsideration of the Court's January 21,

25  2016 order denying summary judgment on Plaintiffs' antitrust claims.  Dkt. No. 268.

26  On November 9, 2016, the Court granted Defendant's motion for reconsideration of the

27  Court's January 21, 2016 order denying summary judgment on Plaintiffs' antitrust

28

1  claims.   The Court granted summary judgment in favor of Defendant on Plaintiffs'

2  antitrust claims for the reasons set forth in its order of November 9, 2016.  Dkt. No. 274.

3  On December 14, 2016, the Court entered judgment in favor of Plaintiffs and

4  against Defendant on Plaintiffs' claims for breach of contract and breach of the implied

5  covenant of good faith and fair dealing.  Dkt. No. 296.  The Court entered judgment in

6  favor of Defendant and against Plaintiffs on all of Plaintiffs' other claims, including

7  Plaintiffs' claims for violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; violation

8  of the Florida Antitrust Law, Fla. Stat. § 542.19; trade libel; tortious interference with

9  contract; intentional interference with prospective economic relations; negligent

10  interference with prospective economic relations; and violation of the California Unfair

11  Competition Law, Cal. Bus. & Profs. Code § 17200.  *Id.*

12  On February 8, 2019, the Ninth Circuit Court of Appeals affirmed in part and

13  reversed in part this Court's judgment and remanded the case to reinstate the jury's

14  verdict in its entirety.  Dkt. No. 349.

15  On July 22, 2019, Defendant moved for relief from judgment under Rule 60(b)(2),

16  Rule 60(b)(3) and Rule 60(d) of the Federal Rules of Civil Procedure, or in the

17  alternative, an order for expedited discovery.  Dkt. No. 377.  On August 19, 2019, the

18  Court granted Defendant's motion for relief under Rule 60(b)(2), Rule 60(b)(3) and Rule

19  60(d) of the Federal Rules of Civil Procedure for the reasons set forth in its order, Dkt.

20  No. 426, and ordered a new trial, Dkt. No. 427.

21  On October 5, 2019, Plaintiffs moved for certification for interlocutory appeal of

22  the Court's August 19, 2019 order under 28 U.S.C. § 1292(b).   Dkt. No. 437.   On

23  November 12, 2019, the Court denied Plaintiffs' motion for certification.  Dkt. No. 458.

24  On November 11, 2019, Plaintiffs filed a motion for reconsideration of the Court's

25  August 19, 2019 order, or in the alternative, for relief under Rule 60(b).  Dkt. No. 454.

26  On November 18, 2019, Defendant moved to amend the Final Pretrial Conference Order

27  entered on February 24, 2016, Dkt. No. 162, to assert two additional defenses of

28  Illegality and Fraudulent Inducement.  Dkt. No. 463.  On January 21, 2020, the Court

1    denied Plaintiffs' motion for reconsideration, or in the alternative, for relief under Rule

2    60(b) and granted Defendant's motion to amend the Final Pretrial Conference Order to

3    assert two additional defenses of Illegality and Fraudulent Inducement.  Dkt. No. 483.

4    The Court *sua sponte* certified its August 19, 2019 order for interlocutory appeal.  *Id*.

5           On January 31, 2020, Plaintiffs filed a petition for permission for interlocutory

6    appeal of the Court's August 19 order with the Ninth Circuit Court of Appeals.  On

7    February 3, 2020, Plaintiffs filed a motion to assign the case to the prior panel of the

8    Ninth Circuit that decided the first appeal of this Action.  On February 13, 2020, the

9    prior panel declined to accept the petition, and, on April 23, 2020, the Ninth Circuit

10   denied Plaintiffs' petition for permission for interlocutory appeal.

11          On May 1, 2020, Plaintiffs filed a petition for writ of mandamus with the Ninth

12   Circuit Court of Appeals for an order directing the reassignment of the Action and

13   ordering reinstatement of the jury verdict and moved to assign the case to the prior panel.

14   On May 7, 2020, the prior panel declined to accept Plaintiffs' petition.  On July 21, 2020,

15   the Ninth Circuit Court of Appeals denied Plaintiffs' petition for writ of mandamus and

16   stated that "[n]o further filings will be entertained in this closed case."  Dkt. No. 557-1.

17          On June 22, 2020, Plaintiffs filed a second motion for relief under Rule 60(b), or

18   in the alternative, reconsideration of the Court's August 19, 2019 order.  Dkt. No. 514.

19   On July 31, 2020, the Court denied Plaintiffs' motion for relief under Rule 60(b), or in

20   the alternative, for reconsideration.  Dkt. No. 561.

21          On July 7, 2020, Defendant moved to compel discovery from Plaintiffs.  Dkt. Nos.

22   528, 531.  On July 29, 2020, Magistrate Judge McCormick granted in part Defendant's

23   motions to compel Plaintiffs to produce documents and information responsive to

24   Defendant's discovery requests.  Dkt. No. 560.

25          On August 17, 2020, Plaintiffs moved to voluntarily dismiss the Action with

26   prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, asserting

27   that they are unable to afford the litigation expenses of discovery or a second trial and

28   intend to appeal the Court's orders granting Defendant relief under Rule 60 and denying

Gibson, Dunn &
Crutcher LLP

4

1  Plaintiffs' motions for reconsideration.  Dkt. No. 565.  Defendant disputed Plaintiffs'

2  inability to afford the litigation expenses of discovery or a second trial, contested the

3  premise that appellate jurisdiction can be created through voluntary dismissal, and

4  requested conditions to Plaintiffs' voluntary dismissal to protect Defendant's entitlement

5  to seek costs and attorney's fees and discovery relating thereto.  Dkt. Nos. 574-1 and

6  585.

7      On August 21, 2020, Defendant moved for contempt against Plaintiffs for

8  violation of Magistrate Judge McCormick's order compelling compliance with

9  Defendant's discovery requests.  Dkt. No. 572.

10     On September 16, 2020, the Court granted Plaintiffs' motion for dismissal under

11  Rule 41(a)(2) of the Federal Rules of Civil Procedure on terms that the Court found

12  proper, as set forth in its order.  Dkt. No. 591.  The Court vacated Defendant's motion

13  for contempt without prejudice and stayed pending discovery without prejudice.  *Id.*

14     The Court NOW ENTERS JUDGMENT AS FOLLOWS:

15  1.  Judgment is entered in favor of Defendant and against Plaintiffs on all of

16      Plaintiffs' claims, including Plaintiffs' claims for violation of Section 2 of

17      the Sherman Act, 15 U.S.C. § 2; breach of contract; breach of the implied

18      covenant of good faith and fair dealing; violation of the Florida Antitrust

19      Law, Fla. Stat. § 542.19; trade libel; tortious interference with contract;

20      intentional interference with prospective economic relations; negligent

21      interference with prospective economic relations; and violation of the

22      California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200.

23  2.  The Court finds that it has not been judicially determined that Swisher is in

24      default of its obligations under either of the private label agreements dated

25      January 20, 2011 (as amended effective February 1, 2012), and February 2,

26      2013, upon which Plaintiffs brought their claims for breach of contract and

27      breach of implied covenant of good faith and fair dealing.

28  3.  Defendant is the prevailing party in this Action and Plaintiffs are not

Gibson, Dunn &
Crutcher LLP

5

1    entitled to any relief.

2    4.    As the prevailing party, Defendant shall recover costs allowable under

3          Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54-3.

4    5.    Any claim by Defendant for attorney's fees and related nontaxable

5          expenses shall be presented by motion.

6    6.    Plaintiffs may not assert the fact of their voluntary dismissal as a bar to

7          Defendant's recovery of costs or attorney's fees.

8    7.    The Court shall retain continuing jurisdiction for the reasons and purposes

9          set forth in this Judgment and the Court's September 16, 2020, order

10         granting Plaintiffs' motion for dismissal on terms found proper.

11   8.    The Court acknowledges that Plaintiffs expressly preserve their right to

12         appeal the Court's Rule 60 orders vacating the jury's verdict and ordering

13         a new trial.

14

15

16

17   **IT IS SO ORDERED.**

18   Dated:    September 28, 2020

19                                              Hon. James V. Selna
                                                United States District Court Judge
20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

6