UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

***REDACTED CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | December 2, 2020 |
| Title | Trendsettah USA, Inc. v. Swisher International Inc. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion for Attorney's Fees

Before the Court is Defendant Swisher International Inc.'s ("Swisher") motion for attorney's fees and costs. Motion, ECF No. 606. Plaintiffs Trendsettah USA, Inc. and Trend Settah Inc. ("Trendsettah") opposed. Opp'n, ECF No. 614. Swisher filed a response. Reply, ECF No. 617. Trendsettah subsequently filed a request for oral argument. Req. for Oral Argument, ECF No. 619. Swisher filed an opposition to that request. Opp'n to Req. for Oral Argument, ECF No. 610.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

The history of this case is extensive and well known to both of the parties. The Court provides merely a brief summary to frame the following discussion. In October 2014, Trendsettah, a cigarillo company, sued Swisher for violation of various federal and state competition laws and breach of the Private Label Agreements ("PLAs") between the two parties. Compl., ECF No. 1. Following a jury trial, judgment was entered in favor of Trendsettah. Judgment, ECF No. 216. The Court subsequently awarded Trendsettah attorney's fees and costs, as provided in the PLAs. First Fees Order, ECF No. 342.

This case's proceedings shifted dramatically following the April 12, 2019 indictment of Akrum Alrahib, the founder and chief executive officer of Trendsettah, for evading federal excise taxes on cigarillos. Relief Order, ECF No. 426, at 2. Following the disclosure of evidence of the tax evasion, this Court granted relief from the previous judgment under Federal Rules of Civil Procedure 60(b)(2), (b)(3), and (d)(3). Id. at 16-18. But the Court also certified for interlocutory appeal this order granting relief "as it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-1664 JVS (DFMx)                                Date   December 2, 2020

Title   Trendsettah USA, Inc. v. Swisher International Inc.

presents a controlling question of law, as to which there are substantial grounds for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation." Order Denying Reconsideration, ECF No. 483, at 12. The Court of Appeals declined to accept the certification.  See ECF No. 498**.** After taking unsuccessful writ to the Ninth Circuit (ECF No. 553), Trensettah moved to dismiss the case in order to take an appeal.  ECF No.  565. The Court subsequently granted Trendsettah's motion to dismiss the case with prejudice, subject to the condition that Swisher would retain the right to claims fees and costs. Dismissal Order, ECF No. 591. The instant motion followed.

      Notably, the PLAs contain identical relevant provisions concerning attorney's fees and costs:

> In the event that either party shall bring any action upon any default in performance or observance of any covenant herein, the party judicially determined to be in such default shall indemnify the other against, or shall expeditiously reimburse such other party for, reasonable attorney's fees (including disbursements) incurred in pursuit of such judicial determination; provided, however, that if no party is judicially determined to be in default, the party bringing such action shall indemnify the other party against, or shall expeditiously reimburse such other party for, <u>reasonable attorneys' fees (including disbursements) incurred in defense of such action</u>.

Private Label Agreements, ECF Nos. 25-1 § 16.3 & 25-2 § 16.3.

## II. LEGAL STANDARD

      The parties agree that Florida law governs Swisher's motion. Docket No. 284 at 3; Docket No. 300 at 2. Florida applies the federal lodestar approach to determine attorneys' fees. <u>Florida Patient's Comp. Fund v. Rowe</u>, 472 So. 2d 1145, 1150 (Fla. 1985) <u>holding modified by Standard Guarantee Insurance Co. v. Quanstrom</u>, 555 So. 2d 828 (Fla. 1990). Courts should consider the following factors:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | December 2, 2020 |
| Title | Trendsettah USA, Inc. v. Swisher International Inc. | | |

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
> (3) The fee customarily charged in the locality for similar legal services.
> (4) The amount involved and the results obtained.
> (5) The time limitations imposed by the client or by the circumstances.
> (6) The nature and length of the professional relationship with the client.
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
> (8) Whether the fee is fixed or contingent.

Id. Consistent with the federal lodestar approach, courts determine the number of hours reasonably expended on the litigation. Id. Courts then determine "a reasonable hourly rate for the services of the prevailing party's attorney." Id. The party seeking fees bears the "burden of establishing the prevailing 'market rate' i.e., the rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services." Id. at 1151.

### III. DISCUSSION

*A.    Deferral*

Trendsettah first argues that the Court should defer ruling on Swisher's motion until the resolution of Trendsettah's appeal of this Court's order granting relief. Opp'n at 7-16. If an appeal on the merits of a case is taken, courts have discretion to defer the determination of fees while an appeal is pending. 1993 Advisory Committee Notes to Fed. R. Civ. P. 54(d). However,"the weight of authority is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." Sport Dimension, Inc. v. Coleman Co., 2015 WL 10013784, at *4 n.1 (C.D. Cal. June 4, 2015) (quoting Lugus IP,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | December 2, 2020 |
| Title | Trendsettah USA, Inc. v. Swisher International Inc. | | |

LLC v. Volvo Car Corp., 2015 WL 1399175, at *3 (D.N.J. Mar. 26, 2015)). Prompt consideration avoids deferral to "when the relevant circumstances will no longer be fresh in the mind of the district judge." Masalosalo, 718 F.2d at 957.

Courts consider four factors to determine whether to stay an award of attorneys' fees and costs pending appeal: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits;" (2) "whether the applicant will be irreparably injured absent a stay;" (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding;" and (4) "where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see, e.g., Emblaze Ltd. v. Apple, Inc., 2015 WL 1304779, at *2 (N.D. Cal. Mar. 20, 2015) (applying four-factor Hilton test to determine whether to stay the taxation of costs pending appeal of the underlying merits); Mformation Technologies, Inc. v. Research in Motion Ltd., 2012 WL 6025746, at *4 (N.D. Cal. Dec. 4, 2012) (applying four-factor Hilton test to determine whether to stay taxation of costs pending appeal of the underlying merits); ASIS Internet Services v. Optin Global, Inc., 2008 WL 5245931, at *1 (N.D. Cal. Dec. 17, 2008) (finding courts consider the four factors from Hilton when determining whether to stay taxation of costs pending appeal on the merits).

Trendsettah argues that the Hilton test has been inappropriately applied to cases asking whether it is proper to defer ruling on a motion for attorney's fees and costs pending appeal. Opp'n at 7-8. This is because, Trendsettah contends, the Hilton test is derived from rules about whether it is proper to stay an order pending appeal, not defer issuance of an order in the first place. Id. Trendsettah accurately describes Hilton as concerning whether it is proper to stay an order releasing a successful habeas petitioner. 481 U.S. at 773-74. The rules at issue in that case–Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a)–also concern staying orders. But Trendsettah fails to explain why the distinction between staying an order and deferring ruling on a motion matters. After all, there is little practical difference between (1) deferring consideration of a motion and (2) considering a motion, issuing an order, and staying that order. All that happens in the latter case is the Court has spent the time writing the order that is stayed. This difference does not make irrelevant Hilton's "general standards governing stays of civil judgments." 481 U.S. at 776. After all, the Court taking the time to consider a motion has no bearing on what the Hilton test embodies: a concern for the equity of delaying the effect of an order for which a party moves. See 11 C. Wright & A. Miller, Federal Practice & Procedure § 2904 (3d ed.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | December 2, 2020 |
| Title | Trendsettah USA, Inc. v. Swisher International Inc. | | |

The Court therefore declines to jettison the traditional test that was applied in Hilton in favor of a narrow focus on judicial economy. The Hilton factors are considered in turn below.

### 1. Success on the Merits

The first factor asks whether Trendsettah can make "a strong showing that [it] is likely to succeed on the merits." Hilton, 481 U.S. at 776. This Court has previously recognized that there is "substantial grounds for difference of opinion" as to the properness of granting Swisher's motion for relief under Federal Rules of Civil Procedure 60(b)(2), 60(b)(3) and 60(d). January 21, 2020 Order, ECF No. 483, at 12. Trendsettah argues that this language suggests that Trendsettah has a "reasonable probability" or "fair prospect of success," which is sufficient to satisfy this factor. Opp'n at 8-9 (quoting Spigen Korea Co. v. iSpeaker Co., 2020 WL 2527998, at *1 (C.D. Cal. Jan. 23, 2020)).

The Court agrees. The Court certified its order granting relief for interlocutory appeal because the Ninth Circuit might find differently from this Court. In other words, while the Court believes that the order was proper, the Court acknowledges that it is a close argument. Swisher argues at length in its reply that Trendsettah "failed to offer anything to suggest that the outcome on appeal would be any different" and assails how Trendsettah characterizes the record and the Court's previous orders. Reply at 4-7. But this does not dissuade the Court of its previous finding that interlocutory appeal was proper because there is a reasonable probability that the Ninth Circuit might hold differently than the Court did in the order granting relief. The Court therefore concludes that this factor weighs in favor of deferral.

### 2. Irreparable Injury

The second factor then asks whether Trendsettah would be irreparably injured absent deferral. Hilton, 481 U.S. at 776. The Court is not persuaded that Trendsettah would be so harmed. Trendsettah argues that enforcement of a fees order against Trendsettah and everyone with an interest in Trendsettah would constitute irreparable injury because of the limited assets of Trendsettah and those individuals. Opp'n at 11-12.

This argument is unavailing. First, monetary harm generally does not constitute irreparable harm. Elias v. Connett, 908 F.2d 521, 526-27 (9th Cir. 1990). Trendsettah has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1664 JVS (DFMx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Trendsettah USA, Inc. v. Swisher International Inc. | | |

failed to spell out why the type of monetary harm that would result from paying the fees at issue in this motion would be so great as to constitute an exception to this general rule. Second, the enforcement of an award is not inevitable. Trendsettah and everyone with an interest in Trendsettah could always post a bond or other security under Federal Rule of Civil Procedure 62(b) to secure a stay pending appeal. Then, if Trendsettah is successful on appeal, this order would not be enforced. Swisher properly notes that Trendsettah has already acknowledged this option to the Court. See Yu Decl., ECF No. 617-7, at 1 (a letter from Trendsettah noting that Trendsettah could post "an appellate bond, which entitles it to stay enforcement 'as a matter of right,' should Swisher obtain a fee award that is later embodied in a judgment"). Trendsettah now says that it does not have the resources to fund such a bond. Opp'n at 15. But it does not argue that the owners and affiliated companies do not, stating merely that it "would not make rational sense" to do so. Id. at 16. This is not persuasive. The Court therefore finds that Trendsettah's threatened "irreparable injury" is not inevitable because of the option to post an appellate bond and further has not been shown to go beyond monetary harm.

### 3. *Substantial Injury to Other Parties*

Next, the Court must examine whether Trendsettah has shown that other interested parties would be substantially injured if the motion is not deferred. Hilton, 481 U.S. at 776. The primary dispute between the parties is whether Swisher would be substantially injured by deferring the resolution of the motion until after appeal. Mot. at 7-8; Opp'n at 12-13; Reply at 10-12. The Court believes that Swisher would be. Courts have found that a possibility of irreparable injury can be found where a liable party has a history of "fraudulent intra-family transfers" that could result in a hiding of funds. Connecticut General Life Insurance Co. v. New Images of Beverly Hills, 321 F.3d 878, 881 (9th Cir. 2003).

The evidence presented thus far suggests this to be the case here. Trendsettah has not disputed a variety of facts showing how money flowed freely from Trendsettah to and from Alrahib, his family members, and their other companies. For example, in April 2018, Alrahib established IST Brands, a company listed in his wife's name. Yu Decl. Ex. 14, ECF No. 575-15. Trendsettah then transferred over its assets and business to IST Brands, including the importation and distribution of Splitarillos. Lacey Decl., ECF No. 574-2, ¶ 68. Trendsettah also opened an account at Comerica Bank that apparently had the only function of receiving $12 million in litigation financing and then promptly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | December 2, 2020 |
| Title | Trendsettah USA, Inc. v. Swisher International Inc. | | |

distributing that money to Alrahib's wife, Alrahib's family members, Ramzy Rahib (one of Alrahib's business partners), Trendsettah's counsel, IST, and other companies owned by Alrahib's business partners. Yu Decl. Ex. 21, ECF No. 575-22.

Trendsettah tries to argue that the fact that the great bulk of this money was distributed about two weeks before Alrahib was arrested on April 11 negates the conclusion that there is a risk of assets being dissipated. See Opp'n at 12. But the Court is not persuaded that this is not instead representative of how Alrahib was minimizing his personal assets when his cooperation with the government broke down. See Reply at 11.

The Court therefore concludes that Swisher would be substantially injured if this motion were to be deferred. Swisher would be at risk of not being able to recover its attorney's fees and costs. This factor therefore weighs against deferral.

    *4.*    *The Public Interest*

The final factor asks the Court to consider whether deferral of the motion for attorney's fees is in the public interest. Hilton, 481 U.S. at 776. The Court finds that it is not in the public interest to defer. The only reason that Trendsettah has raised for why the public interest is served by deferral is judicial economy. Opp'n at 13. But "judicial economy is better served by determining attorneys' fees promptly while the details of the proceedings are still fresh and when the [appellate court] has the opportunity to consider any appeal of the calculation at the same time as the appeal on the merits." Spitz Technologies Corp. v. Nobel Biocare USA LLC, 2018 WL 6016149, at *2 (C.D. Cal. Aug. 13, 2018). Moreover, the number of issues to be determined in this motion are relatively small as Trendsettah does not contest that Swisher is entitled to attorney's fees, that Swisher's proposed hourly rates for its counsel are reasonable, or that Swisher is entitled to post-judgment interest.

Thus, as only the likelihood of success on the merits weighs in favor of deferral, the Court finds that it is appropriate to resolve this motion now.

    **B.**    *Attorney's Fees*

As noted, under Florida law courts determine the appropriate amount of attorney's fees by using the lodestar method. "The number of hours reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | December 2, 2020 |
| Title | Trendsettah USA, Inc. v. Swisher International Inc. | | |

expended, determined in the first step, multiplied by a reasonable hourly rate, determined in the second step, produces the lodestar." Rowe, 472 So. 2d at 1151. The Court turns to each of these steps in turn.

        1.    *Number of Hours Reasonably Expended*

The bulk of Trendsettah's arguments against Swisher's calculation of its lodestar relate to the number of hours reasonably expended. The Court first notes that it rejects Trendsettah's argument that the motion should be denied just because Swisher did not categorize its hours by the stage of the proceeding or the exact type of activity that was being performed. See Opp'n at 16-17. While such categorization would of course be helpful to the Court and Trendsettah, failure to do so is not a bar to recovery. Indeed, Trendsettah has submitted no case law supporting its argument.

As such, the Court will proceed to consider each of Trendsettah's more detailed arguments challenging the number of hours that Swisher presents.

        a.    **Block Billing**

Trendsettah's most persuasive argument is that Swisher's counsel engaged in block billing, which justifies a reduction in the number of hours for which Swisher can recover. Opp'n at 17-18. "[B]lock billing makes it more difficult to determine how much time was spent on particular activities." Welch v. Metropolitan Life Insurance Co., 480 F.3d 942, 948 (9th Cir. 2007). "[B]lock billing itself is symptomatic of excessive billing." United Fabrics International, Inc. v. C&J Wear, Inc., 2009 WL 10655841, at *2 (C.D. Cal. Sept. 29, 2009). As such, the Ninth Circuit has "upheld as a 'reasoned exercise of discretion' a district court's decision to reduce block-billed hours by 30%." United States v. Western Radio Services Co., Inc., 671 Fed. App'x 460, 461 (9th Cir. 2016) (citing Lahiri v. Universal Music & Video Distribution Corp., 606 F.3d 1216, 1222-23 (9th Cir. 2010)).

The Court agrees with Swisher that not all of the time billed by its attorneys is block billed. See Reply at 21. But Swisher does not argue that its time is not block billed at all. Id. Indeed, the Court finds there are many instances of block billing.[1] As such, a

---

[1] [redacted]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | December 2, 2020 |
| Title | Trendsettah USA, Inc. v. Swisher International Inc. | | |

reduction in block billed fees is justified. After reviewing the lodestar calculations for each attorney, see Swanson Decl. Ex. 8, ECF No. 605-4; Marsh Decl. Ex. 6, ECF No. 612-6, the Court concludes that approximately one third of the fees Swisher's counsel block billed. The Court also believes that it is appropriate to apply a 30% reduction to those entries, which is the mathematical equivalent to applying a 10% reduction to Swisher's overall request.



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 14-1664 JVS (DFMx)     Date   December 2, 2020

Title    Trendsettah USA, Inc. v. Swisher International Inc.

       b.     *Reasonableness of Specific Billed Hours*

      Trendsettah next makes a series arguments for why particular billed hours are unreasonable. Opp'n at 18-21. First, Trendsettah criticizes how Swisher's counsel billed time for four or five attorneys to attend several court proceedings–including the November 12, 2019 status conference, the December 16, 2019 hearing on Trendsettah's motion for reconsideration, and the May 4, 2020 telephonic status conference–when only one attorney, Swanson, spoke for Swisher. Id. at 18. At each of these proceedings only one attorney represented Trendsettah. "[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do." Democratic Party of Washington State v. Reed, 388 F.3d 1281, 1286 (9th Cir. 2004). On the other hand, if attorneys "are there because their assistance is or may be needed by the lawyer arguing the case" or "to observe argument to judge how to proceed later," then there is no unnecessary duplication. Id.

      The Court agrees with Swisher that it may have been necessary for more than one attorney to attend these proceedings. But having four or five attorneys strikes the Court as clearly excessive, particularly for status conferences. The Court concludes that a one-half reduction in the fees associated with the attorneys besides Swanson is appropriate to reflect that three attorneys was a more appropriate number. The Court therefore deducts $22,724.50 in fees.[2]

      Next, Trendsettah contends that Swisher billed an unreasonable number of hours for the opposition to Trendsettah's November 2019 motion for reconsideration and Swisher's motion to compel against Tredsettah. Opp'n at 18-19. But the Court is not convinced that the numbers of hours billed by Swisher's counsel was excessive given the complexity of those motions. See Reply at 20.

---

      [2] Because block billing prevents an exact accounting, the Court assumes Kleinbrodt and Yu each spent 2.5 hours preparing and attending the November 12 status conference and December 16 hearing. The Court further assumes that Kleinbrodt, Yu, and Richman each spent 0.2 hours attending the May 4 status conference. This comparatively small number reflects how Kleinbrodt, Yu, and Richman did not state that they spent time preparing for the status conference. Moreover, the status conference was only nine minutes long. See Transcript of May 4 Status Conference, ECF No. 504.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | December 2, 2020 |
| Title | Trendsettah USA, Inc. v. Swisher International Inc. | | |

Swisher does not contest Trendsettah's next argument that it was unreasonable to include 55.3 hours billed for drafting a motion to compel as to Dr. McDuff even though that motion was never filed. Opp'n at 19. The Court therefore excludes the time billed drafting that motion. Although the exact number is impossible to calculate because of Kleinbrodt's block billing, the Court finds that approximately $31,077.50 should be excluded on this basis.

Trendsettah further contends that time billed for tasks such as tracing Trendsettah's bank accounts and other assets owned by Trendsettah's owners and affiliated companies should be excluded under the terms of the PLAs. Opp'n at 20. The Court disagrees. The relevant provision of the agreements states that where no party is judicially determined to be in default, the plaintiff shall reimburse the defendant for "reasonable attorneys' fees (including disbursements) incurred in defense of such action." PLAs § 16.3. While the subject of the litigation is to determine whether a party is in default, the scope of the attorney's fees extends to what is reasonable "in defense of such action." Particularly here, where there is a clear risk of funds used to pay attorney's fees being dispersed beyond Swisher's reach, Swisher's work attempting to trace these assets is reasonable.

The parties agree that Swisher failed to exclude entries related exclusively to antitrust matters, as the Court previously stated was proper. See First Order for Attorney's Fees, ECF No. 341, at 9. Swisher agrees to a $10,564.80 reduction in fees for exclusively antitrust matters. See Yu Decl., ECF No. 617-1, ¶ 4. After reviewing the billing records, the Court agrees that Swisher has already made adjustments where antitrust matters are otherwise mentioned. See id. ¶ 3. The $10,564.80 reduction in fees is therefore sufficient.

Finally, the Court disagrees with Trendsettah's assertion that Swisher has improperly included clerical work in its billing. See Opp'n at 20-21. Clerical work might include "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989). But the work about which Trendsettah complains is most often discussions about "ongoing tasks" and "workflow." See Poe Decl. Ex. A at 2-5. This is not work that could be done by a paralegal, but rather is work essential to coordinating the work of multiple attorneys working on a single complex case. Without such discussions, it would be impossible for partners to delegate work to

Case 8:14-cv-01664-JVS-DFM   Document 621   Filed 12/02/20   Page 12 of 14   Page ID #:32333

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1664 JVS (DFMx) | Date | December 2, 2020 |
|---|---|---|---|
| Title | Trendsettah USA, Inc. v. Swisher International Inc. | | |

associates or to know how multiple attorneys' work product should come together. This reflects efficient deployment of resources, not waste. The Court therefore does not exclude these hours.

### 2. *Hourly Rates*

Trendsettah does not challenge Swisher's proposed hourly rates for its attorney's fees. The Court agrees that the rates are reasonable given the prevailing rates in the Central District of California. Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991); see Mot. at 17-23 (comparing the rates for attorneys in this case with prevailing market rates, taking into account skill, experience, and reputation). The Court therefore uses the provided rates in calculating the lodestar.

### 3. *Lodestar Calculation*

Given the above analysis, the Court calculates attorney's fees for this case as follows. Swisher initially requested $8,686,546.60 in attorney's fees. Mot. at 2. The Court reduces this amount by $31,077.50 to account for the work on the motion to compel that was never filed and by $10,564.80 to account for accidentally included antitrust matters. The Court further deducts $22,724.50 for multiple attorneys unnecessarily attending court proceedings. The Court adds to this resulting difference, $8,622,179.80, the $218,094.20 Swisher requests for time billed preparing for this motion. See Yu Decl. Ex. 4, ECF No. 616-4. The sum, $8,840,274.00, is then reduced further by 10% to account for block billing. The result is that the Court awards Swisher $7,956,246.60 in attorney's fees.

### C. Costs

Swisher's motion seeks a further $2,569,302.62 in litigation expenses. Mot. at 24. The Court first notes that Swisher agreed in its reply to reduce this amount by $61,772.49. Yu Decl. Ex. 3, ECF No. 616-3. This amount accounts for third-party attorney's fees, fees for eDiscovery database hosting, and all costs associated with meeting with the Federal Trade Commission and the United States Department of Justice's Antitrust Division. Id. The amount of fees requested following this deduction is $2,507,530.13. Trendsettah does not challenge that Swisher is entitled to disbursements. Rather, Trendsettah argues that specific fees included in Swisher's accounting are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | December 2, 2020 |
| Title | Trendsettah USA, Inc. v. Swisher International Inc. | | |

improper. Opp'n at 21-23.

Trendsettah first contends that electronic research is not recoverable under Florida law. Id. at 21 (citing Wood v. Panton & Co. Realty, 950 So. 2d 534, 535 (Fla. Dist. Ct. App. 2007). But Wood specifically examined whether computerized research costs could be counted as taxable costs. 950 So. 2d at 535 ("The narrow issue in this case is whether a prevailing party in a lawsuit is entitled to computerized legal research costs as part of an award of taxable costs."). Trendsettah has previously argued that the PLAs extend to "all reasonable funds it paid to enforce its rights under the PLAs," going beyond just taxable costs. First Motion for Fees, ECF No. 232, at 10. Indeed, Trendsettah even made a claim for online research charges. Id. at 11. The Court therefore does not exclude Swisher's costs for computerized research costs.

Trendsettah next challenges Swisher's expert witness fees. Opp'n at 21-22. First, for the reasons the Court previously articulated, the Court rejects the argument that certain expert witness fees should be excluded because they do not narrowly relate to a determination about whether Swisher was in default of its contractual obligations. See supra Section III.A.1.b. Second, Trendsettah is incorrect in contending that Swisher failed to describe what its experts were working on, as a description was provided to the Court in the original motion. See Mot. at 24-25. The Court therefore declines to exclude any expert costs.

Finally, Trendsettah challenges the travel expenses for the fourth or fifth attorney to attend to attend post-remand hearings. Opp'n at 22. As the Court has already found proper a 50% reduction in costs charged by attorneys besides Swanson for the November 12, 2019 status conference and December 16, 2019 hearing, the Court deducts $1,296.18 in costs. See supra Section III.A.1.b.

After having reviewed the rest of Swisher's request for costs, the Court finds that they are reasonable and grants Swisher the following. Swisher requested $2,507,530.13 in costs. From this total the Court deducts $1,296.18. This leaves $2,506,233.95.

  D. *Post Judgment Interest*

The Court finally awards Swisher post-judgment interest. See 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1664 JVS (DFMx) | Date | December 2, 2020 |
| Title | Trendsettah USA, Inc. v. Swisher International Inc. | | |

court."). Trendsettah does not oppose the granting of post-judgment interest.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. The Court awards Swisher $7,956,246.60 in attorney's fees and $2,506,233.95 in costs. This amounts to $10,462,480.60 in total. The Court further awards Swisher post-judgment interest.

Having considered Trendsettah's request for oral argument, the Court finds that arguments were adequately presented in the briefing papers and **DENIES** the request.

**IT IS SO ORDERED.**

: 0

Initials of Preparer    lmb