MARK POE (S.B. #223714)
mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

THOMAS C. GOLDSTEIN (*pro hac*)
tgoldstein@goldsteinrussell.com
ERIC F. CITRON (*pro hac*)
ecitron@goldsteinrussell.com
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Ave., Suite 850
Bethesda, MD 20814
Telephone: (202) 362-0636
Facsimile: (866) 574-2033

Attorneys for Plaintiffs Trendsettah USA, Inc. and Trend Settah, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| TRENDSETTAH USA, INC. and TREND SETTAH, INC.<br><br>Plaintiffs,<br><br>v.<br><br>SWISHER INTERNATIONAL, INC.<br><br>Defendant. | Case No. 8:14-CV-01664-JVS (DFMx)<br><br>**TRENDSETTAH'S RULE 60(b)(5) MOTION TO VACATE THE ORDER AWARDING PREVAILING PARTY ATTORNEYS' FEES AND COSTS TO SWISHER**<br><br>Judge:       The Hon. James V. Selna<br>Courtroom: Courtroom 10C<br>Date:         October 2, 2023<br>Time:         1:30 p.m. |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on October 2, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable James V. Selna, United States District Court for the Central District of California, located in Courtroom 10C, 411 West Fourth Street, Santa Ana, California, plaintiffs Trendsettah USA, Inc. and Trend Settah, Inc. (together, "Trendsettah") will, and hereby do, move for an order vacating the Court's December 2, 2020 order awarding $10,462,480.60 in fees and expenses to Swisher at the time when it had been the prevailing party respecting Trendsettah's contract claims.  ECF No. 621.

This motion is filed pursuant to Rule 60(b)(5).  This motion is based on this Notice and the accompanying Memorandum of Points and Authorities, argument by counsel at the hearing before this Court; and all papers and records in this matter.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on December 15, 2022.

Dated:  August 28, 2023            GAW | POE LLP

By:    s/ *Mark Poe*
        Mark Poe
        Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This motion should be wholly unnecessary. When the Court granted Swisher's motion for attorneys' fees and costs two years ago, it explicitly noted that "if Trendsettah is successful on appeal, this order would not be enforced." *See* Order Regarding Motion for Attorney's Fees at 6 (hereafter "Swisher Fees Order") ECF No. 621. And the Ninth Circuit holds that where the prevailing-party status among the parties has been reversed as the result of an appeal, it is an abuse of discretion for the trial court not to conform its fee awards to comport to the result of the appeal. *California Med. Ass'n v. Shalala*, 207 F.3d 575, 579 (9th Cir. 2000).

The leading treatise on federal practice further explains that where the opposing parties are behaving reasonably, a motion like this should not even be necessary:

> If no appeal was taken from the award, some means must be found to avoid the unseemly spectacle of enforcing a fee award based on a judgment that has been reversed; if court and *parties cannot cooperate in a more efficient procedure*, relief should be available under Civil Rule 60(b)(5).

15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice & Procedure</u> § 3915.6, at 344 (2d ed. 1992) (hereafter "Wright & Miller") (emphasis added).

Nevertheless, in meeting and conferring over this motion, Swisher has taken the position that it is still entitled to recover $10,462,480.60 in fees and expenses from Trendsettah as the "prevailing party" on Trendsettah's contract claims. Swisher's decision to force motion practice over this issue is not a good use of anyone's time, and should be summarily rejected.

## FACTUAL AND PROCEDURAL BACKGROUND

Many years ago, this Court vacated the jury's judgment on Trendsettah's antitrust claims, but entered judgment for Trendsettah on its contract claims. Pursuant to the fee-shifting provision in the Private Label Agreements between the parties, the Court then awarded Trendsettah $2,130,822.15 in fees, $447,723.08 in expenses, and $938,744.63 in prejudgment interest as the prevailing party on those claims. *See* Order Granting Plaintiff's Motions to Extend Time, Amend Judgment and for Attorney's Fees (ECF No. 341). Trendsettah appealed the dismissal of its antitrust claims, and won. *See* ECF Nos. 345, 346. Swisher then obtained relief from judgment under Rule 60, and the Court ordered a new trial. *See* Order Regarding Motion for Relief from Judgment or for Expedited Discovery, Motion to Stay, and Motion for Summary (ECF No. 426). Thereafter, Trendsettah voluntarily dismissed its right to a new trial, in order to appeal the Rule 60 orders. *See* Minute Order re Motion to Dismiss (ECF No. 591).

By Trendsettah voluntarily submitting to judgment on all of its claims, the prevailing-party posture was reversed, such that Swisher was then the prevailing party on the contract claims. *Id.* at 3. When Swisher thereafter moved to recover its fees and costs, Trendsettah refrained from the preposterous argument that Swisher must first obtain vacatur of Trendsettah's December 2017 fees award, or that Swisher's fees and expenses should be offset against the fees and expenses that had previously been awarded to Trendsettah. It was obvious the prior fees order was a dead letter, because Trendsettah wasn't the prevailing party; Swisher was.

On the second appeal, the Ninth Circuit ordered the verdict on Trendsettah's contract claims to be reinstated. Opinion at 6 (ECF No. 666). Now, Swisher isn't the prevailing party; again Trendsettah is. Nevertheless, Swisher claims that it is still the prevailing party on the contract claims and is still entitled to $10,462,480.60 in fees and expenses as such. This despite the Court's express statement in the order at issue that "if Trendsettah is successful on appeal, this order would not be enforced."

Swisher Fees Order at 6.

## ARGUMENT

### I. THE SWISHER FEES ORDER SHOULD BE VACATED PURSUANT TO RULE 60(b)(5).

Under Rule 60(b)(5), a party is entitled to relief from, *inter alia*, an "order," where that order "is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. Proc. 60(b)(5). The Swisher fees "order" was based on the "earlier judgment" in favor of Swisher, and that judgment has now been "reversed." *Id.* Accordingly, Trendsettah is entitled to relief from that order.

#### A. Controlling Precedent Holds That a Prior Fees Order Must Be Vacated Where an Appeal Reversed the Parties' Respective Prevailing-Party Status.

The issue on this motion is controlled by binding Circuit precedent. In *California Medical Association v. Shalala*, certain medical providers sued federal and state agencies, seeking higher reimbursements for the provision of Medicare services. 207 F.3d 575, 576 (9th Cir. 2000). They won their claim, and thereafter obtained an attorneys' fee award against Kimberly Belshe, the Director of the California Department of Health Services. *Id.* The agencies appealed the merits of the ruling, but did not specifically appeal the fees award. *Id.* On that appeal, the Ninth Circuit reversed, making the federal and state agencies the prevailing parties. *Id.* But the once-successful plaintiffs refused to return the fees they had been awarded. *Id.* So the agency director brought a Rule 60(b)(5) motion to have the prior fees order vacated since the plaintiffs were no longer the prevailing parties. *Id.* The district court denied the motion. *Id.*

On appeal from that denial, the Ninth Circuit specifically held that "Rule 60(b)(5) is available if a party seeks relief [from a fees order] solely on the ground that the underlying merits judgment is reversed." *Id.* at 577. It further held that it was an abuse of discretion for the district court not to have vacated the fee award that was made incongruous by the reversal of the merits ruling, and that "our review of

the record discloses no ground on which the district court could deny Belshe relief." *Id.* at 579.

For what it's worth, Florida courts follow the same rule when it comes to vacating prior fees awards based on a reversal of fortunes on appeal. *See, e.g.*, *Travelers Com. Ins. Co. v. Harrington*, 187 So. 3d 879, 888 (Fla. Dist. Ct. App. 2016) (discussing and citing *Shalala*, and holding that "there was no legal basis for the trial court to deny appellants' second motion to vacate [the prior fee award], since appellee was no longer the prevailing party and no longer entitled to prevailing party attorneys' fees.").

### B. Trendsettah Was Not Required to Separately Appeal the Swisher Fees Order.

Based on the parties' pre-filing conference of counsel, Swisher's argument seems to be that the only way for Trendsettah to be relieved of the Swisher Fees Order would have been for it to have specifically appealed that order as part of its last appeal. But *Shalala* forecloses that argument too. The Ninth Circuit expressly agreed with the Seventh Circuit that "a party must file a separate appeal only when it challenges some aspect of the fee award itself." *Id.* at 577 (citing and discussing *Mother Goose Nursery Schools, Inc. v. Sendak*, 770 F.2d 668 (7th Cir. 1985)). But Trendsettah had no particular dispute with the substance of the Swisher Fees Order.

Trendsettah's agreement with the substance of the Swisher Fees Order fully explains why it did not file a separate appeal of the order itself, especially given that the fees order issued more than 60 days after Trendsettah had filed its notice of appeal, *compare* ECF No. 597 *with* ECF No. 621, and more than 60 days after the Ninth Circuit had already established the briefing schedule for the merits appeal. *See* Ninth Cir. Case No. 20-56016, Time Schedule Order (filed Oct. 1, 2020). In the normal course, a party only appeals orders that it believes to be erroneous. It would have been a waste of time and money for Trendsettah to have filed a second, freestanding appeal in order to challenge an order whose substance it agreed with.

And the Ninth Circuit would have reasonably wondered why Trendsettah was taking up its docket appealing an order in which the district court had already clarified that "if Trendsettah is successful on appeal, this order would not be enforced." Swisher Fees Order at 6.

As noted in the *Introduction*, this motion should not have been necessary in the first place. The Court should make short work of it and grant this motion.

## CONCLUSION

There can be no doubt that Trendsettah is now the prevailing party, nor that the Swisher Fees Order was "based on an earlier judgment that has been reversed." Fed. R. Civ. Proc. 60(b)(5). That order should therefore be vacated, and the Court should proceed to adjudicate the fees that are now claimed by the real prevailing party on the contract claims.

Dated:  August 28, 2023              GAW | POE LLP


                                     By:   s/ *Mark Poe*
                                           Mark Poe
                                           Attorneys for Plaintiffs
                                           Trendsettah USA, Inc. and Trend
                                           Settah, Inc.