TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
ROBERT I. LESTER (Cal. Bar No. 116429)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
    312 North Spring Street, 11th Floor
    Los Angeles, California 90012
    Telephone:   (213) 894-3802
    E-mail:      robert.lester@usdoj.gov

Attorneys for Third-Party Creditor
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENDSETTAH USA, INC. and TREND SETTAH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SWISHER INTERNATIONAL, INC.,<br><br>Defendant. | No. SACV 14-1664-JVS(DFMx)<br><br>**NOTICE OF UNITED STATES' LIEN ON ALL PROPERTY OR RIGHTS TO PROPERTY OF AKRUM ALRAHIB;**<br><br>**EXHIBITS A-C.**<br><br>Hearing: None set |

**NOTICE OF UNITED STATES' LIEN ON ALL PROPERTY OR RIGHTS TO PROPERTY OF AKRUM ALRAHIB**

The United States respectfully files the instant Notice of United States' lien on "all property or fights to property"[1] of Akrum Alrahib. In support thereof, the United States alleges the following:

1. On December 1, 2021, Akrum Alrahib pleaded guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and was sentenced to sixty (60) months in prison and ordered to pay $7,207,970.66 in restitution. *See* Exhibit A, Judgment in *U.S. v. Alrahib*, SDFL Case No. 19-CR-20165-SMITH. To date, a total of $1,094,249.44 has been received and credited toward the judgment, but it remains unsatisfied.

2. Akrum Alrahib is the founder and chief executive officer of plaintiffs, Trendsettah USA, Inc. and Trend Settah, Inc., in this action. *See* ECF No. 85 at ¶ 1, Declaration of Akrum Alrahib.

3. The enforcement portion of the Mandatory Victims Restitution Act ("MVRA") in 18 U.S.C. § 3613 imposes a lien in favor of the United States on all property or rights to property of a criminal defendant who owes a fine or restitution and provides:

> (c) Lien.--A fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title . . . or an order of restitution made pursuant to sections 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b).

18 U.S.C. § 3613(c).

---

[1] *See* 18 U.S.C. § 3613(a) & (f).

4. Liens for restitution and other criminal penalties are filed as if they are tax liens and have the same effect. 18 U.S.C. § 3613(d); 26 U.S.C. § 6323(f)(1). Tax liens, and accordingly restitution liens like the ones recorded in this case, attach to existing and after-acquired property. *United States by and Through IRS v. McDermott*, 507 U.S. 447, 448, 113 S. Ct. 1526 (1993). With limited exception, upon the filing of a notice of lien, the MVRA renders the restitution lien valid against third parties, including any holder of a security interest or judgment lien, and provides:

> (d) Effect of filing notice of lien.—Upon filing of a notice of lien in the manner in which a notice of tax lien would be filed under section 6323(f)(1) and (2) of the Internal Revenue Code of 1986, the lien shall be valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor, except with respect to properties or transactions specified in subsection (b), (c), or (d) of section 6323 of the Internal Revenue Code of 1986 for which a notice of tax lien properly filed on the same date would not be valid.

18 U.S.C. § 3613(d).

5. On October 28, 2025, criminal restitution judgment liens were recorded in Orange County, California with respect to Akrum Alrahib, perfecting the United States' interest in any property or rights to property of Akrum Alrahib. *See* Exhibits "B" and "C."

6. The right to receive or recover a debt, demand, or damages on a cause of action is personal property to which a lien attaches. *See U.S. v. Marrero*, 2015 WL12588934, at *4 (S.D. Fla. Sept. 17, 2015); *MYD Marine Distrib., Inc. v. Int'l Paint Ltd.*, 201 So. 3d 843, 845 (Fla. 4th DCA 2016). Accordingly, the lien of the Government against Akrum Alrahib must be resolved before disbursement of any funds realized as the result of any claim in which the Akrum Alrahib has an interest.

///

///

7.  The name and address of the judgment creditor in the Florida criminal case is the United States of America, c/o Danielle N. Croke, Assistant United States Attorney, United States Attorney's Office, Southern District of Florida, 500 S. Australian Ave., Suite 400, West Palm Beach, FL 33401.

8.  No compromise, dismissal, settlement, or satisfaction of this action or proceeding or any of the rights of Akrum Alrahib to money or property under any judgment procured in this action or proceeding may be entered into by or on behalf of Akrum Alrahib, and he may not enforce any rights to money or property under any judgment or settlement procured in this action or proceeding by a writ or otherwise, unless one of the following requirements is satisfied:

    a.  The approval of the Court in this action or proceeding has been obtained;

    b.  The written consent of an unauthorized representative of the United States has been obtained or it has released the lien; or

    c.  The money judgment of the United States has been satisfied.

NOTICE: Akrum Alrahib may claim any applicable exemption for all or any portion of the money or property within 30 days after receiving notice of the creation of the lien. The exemption is waived if it is not claimed in time.

///
///

WHEREFORE the United States respectfully provides notice of its lien on all property and rights to property of Akrum Alrahib.

Dated: January 15, 2026.

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

   */s/ Robert I. Lester*
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA